J-S58006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH KLECHA, | |
| Appellant | No. 205 MDA 2015 |

Appeal from the PCRA Order January 8, 2015
in the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.: CP-35-CR-0002654-2012
CP-35-CR-0002830-2012

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 13, 2015**

Appellant, Joseph Klecha, appeals *pro se* from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, without a hearing. We affirm on the basis of the PCRA court's memorandum opinion.

In its opinion, the court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them at length here. For context and the convenience of the reader, we note briefly that Appellant entered into a negotiated guilty plea to two counts of aggravated assault, two counts of recklessly endangering another person, one count of resisting arrest, one count of criminal mischief, and two

_____

[*] Retired Senior Judge assigned to the Superior Court.

counts of delivery of a controlled substance. In consideration of his plea, twenty-one other charges against Appellant were *nolle prossed*.

The charges arose out of a controlled buy of heroin from Appellant by undercover Pennsylvania State Police. When the state police tried to arrest him, Appellant attempted to flee, in part by ramming the vehicles in front of him and behind him. He seriously injured four state police in this failed effort to escape.

On May 1, 2013, the court imposed an aggregate sentence of not less than nine nor more than eighteen years' imprisonment.[1] (**See** N.T. Sentencing, 5/01/13, at 13). The court also ordered restitution in the amount of $1541 to the Pennsylvania State Police for damage to the vehicle; a mental health evaluation and a drug and alcohol evaluation; and an order that Appellant not consume any drugs or alcohol while he is on supervision. (**See id.**). All sentences were within the standard range of the sentencing guidelines. (**See id.** at 14). This Court affirmed the judgment of sentence. Appellant filed a timely PCRA petition. The court appointed counsel, who

---

[1] This sentence consisted of sentences of five to ten years for each count of aggravated assault, concurrent to one another; six to twelve months on each count of recklessly endangering, concurrent to one another; six to twelve months for resisting arrest, consecutive; six to twelve months for criminal mischief, consecutive; and eighteen to thirty-six months on each count of delivery, consecutive. (**See** N.T., Sentencing, 5/1/13, at 12-13).

filed a **Turner/Finley** "no merit" letter and the court permitted him to withdraw.[2]  This timely appeal followed.[3]

Appellant raises four questions for our review:

>    A. Whether the PCRA court erred in dismissing PCRA petition without a hearing on ineffective assistance of guilty plea counsel where counsel misadvised Appellant would receive 5 to 10 years concurrent sentences if he [entered a] plea of guilty?

>    B. Whether the PCRA court erred in dismissing PCRA petition without a hearing on ineffective assistance of guilty plea Counsel where counsel permitted [A]ppellant to enter into a unknowing, unintelligent, and involuntary plea where information was known to counsel of [A]ppellant's mental health and incompetence to understand what was transpiring during [the] plea colloquy?

>    C. Whether the PCRA court erred in dismissing PCRA petition without a hearing on claim(s) the court erred in imposing sentence prior to ordering a mental health evaluation?

>    D Whether this case should be remanded for a [sic] evidentiary hearing to develope [sic] the record on all claims of errors?

(Appellant's Brief, at 4).

Our standard of review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free of legal error.  **See**

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Appellant timely filed a statement of errors.  **See** Pa.R.A.P. 1925(b).  On March 31, 2015, the PCRA court filed a Rule 1925(a) statement, referencing its October 21, 2014 Memorandum and Notice of Intent to Dismiss to explain the reasons for its dismissal.  **See** Pa.R.A.P. 1925(a).

*Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *See id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court we conclude that there is no merit to the issues Appellant has raised on appeal. The court opinion properly disposes of the questions presented. (*See* Memorandum and Notice of Intent to Dismiss, 10/21/14, at 4-6) (finding: (1) the trial court conducted a thorough colloquy at the guilty plea hearing in which Appellant denied he had been promised anything in exchange for his plea other than that the remaining charges would be *nolle prossed*; a hearing was unnecessary; (2) the trial court had the benefit of a pre-sentence investigation report, and received updated information from plea counsel about Appellant's mental health issues, so that the court was fully informed of these matters when it determined that Appellant's plea was knowing and voluntary; (3) the court properly considered Appellant's mental health and medical issues prior to sentencing; and (4) the petition lacked merit and a hearing was unnecessary). The PCRA court properly dismissed Appellant's petition without a hearing. No remand is required.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015

S580nk-15   Circulated 10/29/2015 12:00 PM   ③⑤

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS |
| | : OF LACKAWANNA COUNTY |
| | : |
| vs. | : CRIMINAL ACTION |
| | : |
| JOSEPH KLECHA, | : |
| Defendant | : NOS. 12-CR-2654 & 2830 |

## MEMORANDUM AND NOTICE OF INTENT TO DISMISS

Defendant, Joseph Klecha, has filed a Petition for Post Conviction Collateral Relief. For the reasons explained below, the court is issuing a Notice of Intent to Dismiss the petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure.

### PROCEDURAL BACKGROUND

On February 1, 2013, the defendant pled guilty to two counts of aggravated assault, two counts of recklessly endangering another person, one count of resisting arrest, one count of criminal mischief, and two counts of possession with intent to deliver a controlled substance, and in exchange, the 21 other charges pending against the defendant were nolle prossed. The charges in 12-CR-2654 arose on August 23, 2012, when the state police conducted a controlled buy of heroin from the defendant, and when they tried to arrest him, he attempted to flee and ran over four state troopers with his vehicle, injuring each of them, as well as damaging a patrol car. The charges in 12-CR-2830 arose on July 11, 2012, when the defendant was in possession of a controlled substance with the intent to deliver.



On May 1, 2013, the defendant was sentenced. The defendant's attorney provided the court with updated information on the defendant's mental health and medical issues and stated that the defendant had been taking classes in prison and had no misconducts. Transcript of May 1, 2013 Sentencing at 7. She indicated that the defendant had a drug addiction and asked the court to consider these mitigating factors and consider concurrent sentences in 12-CR-2654. Id. at 8-9. The court stated that if this had been a typical drug arrest and the defendant had submitted to the authority of the law when confronted by the police, this would be a case where the court could focus on the defendant's rehabilitation. Id. at 10. The defendant, however, made his addictive problems and mental health issues someone else's problems, so the court cannot focus just on rehabilitation, but must look at the impact that this has had on the victims and their families and send a message that this conduct cannot and will not be tolerated. Id. The court stated that because the defendant endangered several of those who are on the front line of defending the public and they are still suffering the effects of his conduct, a serious sentence is required. Id. at 11. The court stated that it did consider the entire contents of the presentence file, the defendant's rehabilitative needs and his prior history. Id. The court was aware that the defendant does not have a background of violence, but the fact that he was intoxicated at the time of these crimes does not excuse his conduct nor minimize the impact on those who were on the receiving end of it. Id. The court stated that it was considering the sentencing guidelines prepared by the probation office, and in case no. 12-CR-2654, imposed a sentence of 5 to 10 years on the first aggravated assault charge and 5 to 10 years on the second aggravated assault charge to be served concurrently. Id. at 12. The court imposed a 6 to 12 month sentence on each of the recklessly endangering charges to be served concurrently. Id. The court imposed a 6 to 12 month sentence on the resisting arrest charge, a 6 to 12 month sentence on the criminal mischief charge, and an 18 to 36 month sentence on the possession

2

with intent to deliver heroin charge, each to be served consecutively to the prior sentences. Id. at 12-13. In case no. 12-CR-2830, the court imposed an 18 to 36 month sentence on the possession with intent to deliver heroin charge, to be served consecutively. Id. at 13. The court stated that the aggregate sentence is 9 to 18 years, and ordered $1541 in restitution. Id. The court also ordered a mental health and drug and alcohol evaluation. Id. The court noted that the sentences fall within the standard range of the sentencing guidelines and that the court took into consideration the facts previously noted, the nature and gravity of the offense, the impact on the community, the defendant's rehabilitative needs and the contents of the presentence file. Id. at 14.

On May 7, 2013 the defendant filed a motion for reconsideration of sentence which was denied on May 9, 2013. On May 28, 2013, the defendant filed a Notice of Appeal, and on January 6, 2014, the Superior Court affirmed the judgment of sentence.

On March 26, 2014, the defendant filed a Petition for Post Conviction Collateral Relief. Kurt Lynott, Esq. was appointed to represent the defendant. On April 25, 2014, the Commonwealth filed a response to the PCRA petition. On August 6, 2014, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a Turner-Finley Letter.

## DISCUSSION

### A. Defendant's Petition

In his PCRA petition, the defendant alleges that his attorney at his preliminary hearing was ineffective, his attorney at his plea was ineffective because she told him the maximum sentence he faced was 5-10 years and the judge would run the sentences concurrent, and his sentence was unlawful because the court did not have his mental health information available to consider prior to sentencing.

3

In his August 6, 2014, Turner-Finley letter, Mr. Lynott states that the petition lacks merit. He states that the defendant admitted his guilt and the court conducted a colloquy with him and explained the sentences he faced. He states that the defendant stated that he understood the plea and the sentences he faced. He states that the defendant's guilty plea was entered knowingly, voluntarily and intelligently. The defendant said at the time of the plea that he understood the charges and the factual basis for the plea, that he understood the rights that he was giving up, and that he was aware of the sentence that could be imposed and that the sentencing was discretionary with the court regardless of any agreement with the Commonwealth. Mr. Lynott states that the defendant is bound by these statements made at the time of the plea and cannot now contradict them.

## B. Analysis

In order to prevail on an ineffectiveness claim, the defendant must demonstrate: (1) his claims have arguable merit, (2) counsel had no reasonable basis for his actions, and (3) counsel's actions prejudiced the defendant. Commonwealth v. Spotz, 870 A.2d 822 (Pa. 2005), cert. denied, 546 U.S. 984 (2005); Commonwealth v. Allen, 732 A.2d 582 (Pa. 1999). Counsel is presumed to be effective and it is the defendant's burden to prove ineffectiveness. Commonwealth v. Singley, 868 A.2d 403 (Pa. 2005), cert. denied, 546 U.S. 1021 (2005). Further, the ineffectiveness must have so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. § 9543(a)(2)(ii). Allegations of ineffectiveness when a guilty plea has been entered will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Allen, 732 A.2d at 587. "'The law does not

4

require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty; all that is required is that [the defendant's] decision to plead guilty be knowingly, voluntarily, and intelligently made.'" Commonwealth v. Mendoza, 730 A.2d 503, 506 (Pa. Super. 1999) (quoting Commonwealth v. Yager, 685 A.2d 1000, 1003 (Pa. Super. 1996)). Dissatisfaction with a sentence is not grounds to withdraw a guilty plea. Commonwealth v. Myers, 642 A.2d 1103 (Pa. Super. 1994).

In his petition, the defendant asserts that his attorney at his preliminary hearing was ineffective. However, when the defendant pled guilty in this case, he waived the right to challenge anything but the legality of his sentence and the validity of his plea, and his assertions of deficiencies at the preliminary hearing stage or the Commonwealth's failure to establish a prima facie case were rendered moot. Commonwealth v. Jones, 929 A.2d 205 (Pa. 2007).

The defendant also asserts that his attorney at his guilty plea was ineffective because she told him that the maximum sentence he would receive would be 5 to 10 years and that the sentences would run concurrent. When the defendant pled guilty on February 1, 2013, the court conducted an extended colloquy with him and the defendant answered all questions coherently and appropriately. Transcript of February 1, 2013 Plea Proceeding. The court went through the details of the plea agreement with him and explained that he faced a 78 year maximum sentence if the sentences were run consecutive to each other, and the defendant said that he understood. Id. at 8. The court asked him again if he understood that the total maximum penalty he could receive was 78 years, and he said that he fully understood that. Id. at 9. The court asked him if he had been promised anything in

5

exchange for his plea beyond that his remaining charges would be dropped, and he said that there had not been any other promises. Id. at 8. The Commonwealth stated the factual basis for each of the charges to which he was pleading guilty, and the defendant admitted his guilt on each. Id. at 10-15. The defendant entered a knowing and voluntary plea and cannot now contradict his statements made at the time of the plea that he understood that the plea agreement was that the Commonwealth would nolle prosse the remaining charges against him, that he faced a 78 year maximum sentence and that the sentences could be consecutive to each other. Dissatisfaction with a sentence is not grounds to withdraw a guilty plea. Commonwealth v. Myers, 642 A.2d 1103 (Pa. Super. 1994).

Finally, the defendant's assertion that the court did not consider his mental health information before sentencing him is incorrect. The defendant's attorney provided the court with updated information on the defendant's mental health and medical issues prior to sentencing. Transcript of May 1, 2013 Sentencing at 7. The court also considered the entire presentence investigative file. Thus, the court was aware of the defendant's mental health issues prior to sentencing, and ordered a drug and alcohol evaluation and mental health evaluation as part of the sentencing so that the defendant could receive further treatment while in prison.

For the foregoing reasons, the defendant's request for post conviction collateral relief is denied. A Notice of Intent to Dismiss consistent with this memorandum follows.

6

CLERK OF JUDICIAL
RECORDS CRIMINAL
DIVISION

2014 OCT 21 AM 11 13

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS |
| | : OF LACKAWANNA COUNTY |
| | : |
| vs. | : CRIMINAL ACTION |
| | : |
| JOSEPH KLECHA, | : |
| Defendant | : NOS. 12-CR-2654 & 2830 |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### NOTICE OF INTENT TO DISMISS UNDER PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 907

TO: Joseph Klecha, Defendant

**NOTICE IS HEREBY GIVEN** that this Court intends to dismiss your

Petition for Post Conviction Collateral Relief without a hearing because your petition is

without merit, as is more fully set forth in the attached Memorandum. You have a right to

respond to this Notice; if you choose to do so, you must file your response within twenty (20)

days of this Notice.

Date: October _21_ , 2014

cc:
Defendant
Office of District Attorney

SCAN