J-S69043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM MICHAEL SCOTT | |
| Appellant | No. 903 EDA 2015 |

Appeal from the PCRA Order March 12, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001240-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED December 17, 2015**

Appellant, Adam Michael Scott, appeals, *pro se*, from the order entered on March 12, 2015, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant was arrested and subsequently charged with numerous crimes, including:  three counts of robbery (threatens another with or intentionally puts him in fear of immediate serious bodily injury), three counts of receiving stolen property, four counts of possessing instruments of crime, five counts of simple assault, five counts of recklessly endangering

another person, and one count of both criminal mischief and driving under the influence of a controlled substance.[1]

Prior to trial, Appellant and the Commonwealth entered into an agreement whereby, if Appellant pleaded guilty to the above three robbery counts, the Commonwealth agreed to withdraw the remaining charges, waive the mandatory minimum sentences for two of the three robbery counts, and recommend that Appellant serve an aggregate sentence of seven-and-a-half to 15 years in prison, followed by five years of probation. Specifically, the Commonwealth agreed to recommend that Appellant serve: the mandatory minimum sentence of five to ten years in prison, pursuant to 42 Pa.C.S.A. § 9712,[2] for the first robbery count; a consecutive term of two-

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3925(a), 907(a), 2701(a)(3), 2705, and 3304(a)(5), and 75 Pa.C.S.A. § 3802(d)(1)(i) respectively.

[2] 42 Pa.C.S.A. § 9712 was entitled "[s]entences for offenses committed with firearms" and generally provided:

> any person who is convicted in any court of this Commonwealth of a crime of violence . . . shall, if the person visibly possessed a firearm or a replica of a firearm . . . that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement. . . .

42 Pa.C.S.A. § 9712(a). We note that, on June 4, 2013, the Supreme Court of the United States decided **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013) and held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and
*(Footnote Continued Next Page)*

and-a-half to five years in prison for the second robbery count; and, a consecutive term of five years of probation for the third robbery count. **See** Guilty Plea Colloquy, 9/5/12, at 3-4.

Appellant proceeded to a guilty plea hearing, where the Commonwealth summarized the factual basis for Appellant's plea:

> The facts in support of the plea are that starting on . . . February [5,] 2012 at the location of the Sunoco station at 2200 Pottstown Pike in [] Chester County, the troopers involved in this case were called on that date to report an armed robbery that had occurred at that station.
>
> The investigation showed that [Appellant] walked into the Sunoco station entered with a golf club and silver in color handgun/revolver as described by the clerk, took the golf club and struck and disabled the camera system inside the Sunoco station. He then asked for and left with [$575.00] worth of cash . . . and stolen merchandise[,] specifically Newport and Marlboro Red brand cigarettes [and] lottery tickets. . . . [Appellant], at that time, wore black clothing, gloves, shoes[,] and a white mask or cloth that was covering his face and had eyes cut out.
>
> Another armed robbery at this location occurred on March [19,] 2012. That that time [Appellant] walked into the same Sunoco station using what looked to be the same silver in color handgun/revolver described by the clerk. On that day the total value of stolen merchandise is $426.64[,] which includes the value of cash, cigarettes, and, again, specifically Newport brand. And during the commission of that crime he wore a brown colored hooded sweatshirt,

_(Footnote Continued)_ ───────────────

found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2162-2163. We also note that, on October 3, 2014, this Court concluded that **Alleyne** rendered 42 Pa.C.S.A. § 9712 unconstitutional in its entirety. **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014).

black knit cap, white mask or cloth covering his face with the same eyes cut out.

On March [21,] 2012[, Appellant] walked into the same Sunoco station, used the same silver handgun/revolver at the cashier. He robbed the store of $653.54, involving cash, cigarettes, same specific brands that were mentioned earlier. He wore the same dark brown in color hooded sweatshirt, blue gloves[,] and a white mask or cloth described to be covering his face with the same eyes cut out.

There are three different victims in this case, three different clerks that were robbed at the hand of [Appellant]. On that same day the investigation was able to pin, based on the description matching [Appellant]. The trooper went to [Appellant's] house, saw [Appellant] arrive in a car. He looked under the influence. . . .

When they stopped [Appellant,] they immediately noticed stolen merchandise matching what was described to be stolen from the Sunoco station as well as dark in color sweatshirt and white cut out mask over his face that he used in all three of the armed robberies.

N.T. Guilty Plea and Sentencing, 9/5/12, at 2-4.

On September 5, 2012, the trial court accepted Appellant's guilty plea and sentenced Appellant in accordance with the negotiated terms. *Id.* at 22-26. Appellant did not file a post-sentence motion or a notice of appeal from his judgment of sentence.

On September 3, 2013, Appellant filed a timely, *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant. However, on September 25, 2013, Appellant filed a *pro se* petition entitled "Motion for

***Grazier*** Hearing,"[3] demanding that the PCRA court allow him to proceed *pro se* during the post-conviction proceedings.

Following a ***Grazier*** hearing, the PCRA court concluded that Appellant knowingly, intelligently, and voluntarily waived his right to counsel during the post-conviction proceedings. The PCRA court thus granted Appellant's petition to proceed *pro se* and directed that appointed counsel "remain as stand-by counsel to assist [Appellant], if requested to do so." PCRA Court Order, 12/2/13, at 1-2.

On August 24, 2014, Appellant filed a *pro se* amended PCRA petition. Within the petition, Appellant claimed that he was entitled to post-conviction collateral relief because: 1) his trial counsel provided him with ineffective assistance by failing to "request[] a suppression hearing for the purpose of suppressing the evidence discovered following the unlawful seizure of [Appellant's] car" and 2) his sentence is illegal, as the trial court sentenced him to serve an unconstitutional mandatory minimum sentencing term. Appellant's Amended PCRA Petition, 8/24/14, at 4 and 7-8 (some internal capitalization omitted).

On October 22, 2014, the PCRA court held a hearing on Appellant's PCRA petition. At the hearing, Appellant called no witnesses other than himself and Appellant offered no exhibits. Regarding Appellant's claim that

---

[3] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

trial counsel was ineffective for failing to file a suppression motion, Appellant's testimony was merely:

> One thing I found in discovery and the affidavit of probable cause is that my car was seized, impounded, and there was no warrant issued. And the car was on my property at the time of the seizure of it.
>
> I – I believe defense counsel, . . . he should have filed for a suppression of the evidence hearing to suppress evidence that was found during the unlawful seizure of the vehicle.
>
> And I think it was – it was, so to say, the fruit of the poison tree and detrimental to my case. Minus the guilty plea there was no reliable adjudication of guilt or innocence.

N.T. PCRA Hearing, 10/22/14, at 19 (some internal capitalization omitted).

Appellant did not provide any evidence regarding the underlying facts or the potential merits of his alleged suppression claim. *See id.* at 19-50. Further, although the Commonwealth called Appellant's trial counsel as a witness during the hearing, Appellant's trial counsel did not elaborate on the underlying facts or potential merits of the alleged suppression claim – except to say that Appellant's suppression claim had no merit. *Id.* at 59.

On March 12, 2015, the PCRA court denied Appellant post-conviction collateral relief. Appellant filed a timely notice of appeal.

Appellant raises two claims on appeal:

> [1.] Whether the PCRA court erred in finding that trial counsel was not ineffective for failing to file a suppression motion on the grounds that the trooper lacked reasonable suspicion to stop Appellant and that the search of his vehicle was executed without a warrant?

- 6 -

[2.] Whether Appellant's sentence is illegal and subject to correction, mandated by PCRA provisions as such challenge was asserted in a timely PCRA and the interpretation in [***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015)] provides relief?

Appellant's Brief at 3.

As we have stated:

[t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v.***

*Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

We also note that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a guilty plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Moser*, 921 A.2d 526, 530 n.3 (Pa. Super. 2007) (*en banc*) (internal citations and quotations omitted). As we have explained:

> once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999) (internal quotations, citations, and corrections omitted), *quoting* *Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994). "To prove prejudice, [an] appellant must prove he would not have [pleaded] guilty and would have achieved a better outcome at trial." *Commonwealth v. Fears*, 86 A.3d 795 (Pa. 2014) (internal quotations and citations omitted).

On appeal, Appellant first claims that his trial counsel was ineffective for failing to file a pre-trial suppression motion. This claim fails for a variety of reasons, one of which is that, during the PCRA hearing, Appellant failed to satisfy his burden of production to demonstrate that his underlying claim had arguable merit. Indeed, as was explained above, with the exception of Appellant's own testimony, Appellant did not present any evidence during the PCRA hearing. Further, during the PCRA hearing, no evidence was presented regarding the underlying facts or the potential merits of Appellant's suppression claim. N.T. PCRA Hearing, 10/22/14, at 19-50. Therefore, Appellant's ineffective assistance of counsel claim immediately fails, as Appellant failed to "prove by a preponderance of the evidence that . . . his underlying claim is of arguable merit." *Fulton*, 830 A.2d at 572.

Second, Appellant claims that he is entitled to post-conviction collateral relief because his sentence is illegal. In particular, Appellant claims that his sentence is illegal, as he was sentenced to a mandatory minimum term of five to ten years in prison under 42 Pa.C.S.A. § 9712 – and we have since held that Section 9712 is unconstitutional in light of

*Alleyne*. Appellant's Brief at 13. This claim fails because we have held that the rule of law announced in *Alleyne* does not apply retroactively to cases on collateral review. *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015) ("the *Alleyne* ruling does not prohibit punishment for a class of offenders nor does it decriminalize conduct. Rather, *Alleyne* procedurally mandates the inclusion of facts in an indictment or information, which will increase a mandatory minimum sentence, and a determination by a factfinder of those facts beyond a reasonable doubt. *Alleyne*, therefore, is not substantive. Nor does *Alleyne* constitute a watershed procedural rule. . . . Hence, the fundamental fairness of the trial or sentencing is not seriously undermined, and *Alleyne* is not entitled to retroactive effect in this PCRA setting").[4] Since Appellant's judgment of sentence became final on October 5, 2012 (30 days after he entered his guilty plea and was sentenced) and *Alleyne* was not decided until June 4, 2013, Appellant cannot rely on *Alleyne* for relief.

Order affirmed.

---

[4] To the extent Appellant relies upon our Supreme Court's opinion in *Hopkins* – wherein our Supreme Court held that the mandatory minimum sentencing statute at 18 Pa.C.S.A. § 6317(a) was unconstitutional in its entirety – we note that *Hopkins* was decided on direct appeal. *Hopkins*, 117 A.3d at 249. Thus, *Hopkins* does not speak to whether the procedural rule announced in *Alleyne* is retroactive to cases on collateral review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/17/2015</u>