J-S32036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE HENRY, | |
| Appellant | No. 2768 EDA 2015 |

Appeal from the PCRA Order August 28, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0015552-2010

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 03, 2016**

Appellant, Clarence Henry, appeals from the denial of his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, after a hearing.  He claims plea counsel was ineffective, chiefly for inducing a guilty plea which was not knowing, voluntary and intelligent, but also for failure to file a timely post-sentence motion to withdraw it.  We affirm on the basis of the PCRA court's opinion.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See** PCRA Court Opinion, 11/05/15, at 1-3; **see also** N.T. Guilty Plea, 4/03/12, at 20-25).  Therefore, we have no reason to restate them at length here.

_____

[*] Retired Senior Judge assigned to the Superior Court.

For the convenience of the reader, we note briefly that on April 3, 2012, Appellant, along with his two co-defendants, and after written and oral guilty plea colloquies, entered a guilty plea to murder of the third degree, conspiracy, and robbery. The same day, the court imposed the negotiated sentence of not less than eighteen nor more than forty years' incarceration.

The robbery and murder occurred during a pre-arranged drug deal. Appellant's co-conspirators, Watkins and Wiles, entered a house under the pretext of purchasing drugs from the victim, Marcus Ramsey, also known as Cornell (or Carnell) Fisher. Also present were Rodger Bookard, Richard Fraser,[1] and Dane Auld. Wiles and Ramsey were in the basement discussing the sale of marijuana. Watkins, Bookard and Fraser were upstairs. While discussing the deal, Watkins put Fraser in a headlock, held a gun to his head and told him to call Ramsey back upstairs. Ramsey started upstairs but when he saw Watkins with a gun he turned to go back down again. Watkins fired two shots, hitting Ramsey in the back and side.

Wiles also pulled out a gun. The whole time he had been on his cellphone. Shortly after the shooting of Ramsey, Appellant entered the house brandishing an eighteen inch barrel gun. The three proceeded to rob everyone in the house, going through their pockets. They also took the

_____

[1] "Fraser" is alternatively spelled "Frazer" in the record before us.

marijuana, and fled. Ramsey was later declared dead at the Hospital of the University of Pennsylvania.

Appellant filed a *pro se* PCRA petition in December of 2012. The court appointed counsel, who filed an amended petition. After a hearing, the court denied the petition. This timely appeal followed.[2]

Appellant raises the following three questions for our review:

> I. Was counsel for Appellant constitutionally ineffective under the Sixth Amendment for mis-advising Appellant resulting in Appellant entering into an involuntary guilty plea?
>
> II. Was counsel for Appellant constitutionally ineffective under the Sixth Amendment for advising Appellant to enter into a guilty plea when the evidence against Appellant was not credible and was against the incontrovertible physical facts?
>
> III. Was counsel for Appellant constitutionally ineffective under the Sixth Amendment for failing to file a timely *pro se* [sic] post sentence motion to withdraw Appellant's guilty plea?

(Appellant's Brief, at 3).[3]

---

[2] Appellant filed a concise statement of errors on September 22, 2015. The PCRA court filed its opinion on November 5, 2015. *See* Pa.R.A.P. 1925.

[3] We note that Appellant presented six over-lapping claims of error in the concise statement. Of the three issues Appellant raises on appeal for our review, the first corresponds roughly with the first statement of error; the second question to the third allegation of error; and the third question to the fourth allegation of error. The sixth assertion of error is a general summation with no specific error alleged. We deem the balance of Appellant's assignments of error abandoned. In particular, we agree with the PCRA court that Appellant waived the claim plea counsel failed to explain the manifest injustice standard to him. (*See* PCRA Ct. Op., at 6).

The essence of Appellant's underlying claim is that he followed the advice of his counsel and entered a guilty plea on the misunderstanding that he could withdraw it shortly after sentencing so that he could proceed to trial alone, without his co-defendants. (**See id.** at 5).

"We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citation omitted). We further note that in all relevant aspects the PCRA court found plea counsel to be credible and the contrary testimony of Appellant to be incredible. (**See** PCRA Ct. Op., at 5) (finding Appellant "utterly incredible"). As noted by the PCRA court, "[w]here a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." (**Id.** at 3) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude that there is no merit to the issues Appellant has raised on appeal. The PCRA court opinion properly disposes of the questions presented. (**See** PCRA Ct. Op., at 4-10; (concluding: (1) there is no credible evidence that Appellant's guilty plea was in any manner unknowing or involuntary; (2) plea counsel had a reasonable basis to believe, and credibly testified that, while certain ballistics evidence would have been helpful to the defense, it was not enough to undermine the Commonwealth's compelling evidence of

guilt, which would have led to a life sentence for Appellant; (3) Appellant failed to establish any basis for a motion to withdraw his guilty plea, and plea counsel correctly believed that there were no valid grounds on which to base a motion to withdraw the plea); and (4) Appellant's claims of plea counsel's ineffectiveness were properly rejected.)).

Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0015552-2010 |
| | : | |
| | : | |
| v. | : | **FILED** |
| | : | |
| CLARENCE HENRY | : | NOV 0 5 2015 |
| | OPINION | Post Trial Unit |

BRONSON, J.                                        November 5, 2015

## I. PROCEDURAL BACKGROUND

On April 3, 2012, defendant Clarence Henry pled guilty to one count each of third-degree murder (18 Pa.C.S. § 2502), criminal conspiracy (18 Pa.C.S. § 903), and robbery (18 Pa.C.S. § 3701). That same day, the Court imposed the negotiated sentence of eighteen to forty years incarceration. Defendant was represented at the guilty plea hearing by Anthony Petrone, Esquire.

On December 13, 2012, defendant filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") ("Pro Se Petition"). On April 3, 2013, Teri B. Himebaugh, Esquire entered her appearance on behalf of defendant. On July 12, 2013, Ms. Himebaugh filed an Amended PCRA Petition ("Amended Petition") raising claims that: 1) trial counsel was ineffective for coercing defendant to enter into an involuntary guilty plea; 2) trial counsel was ineffective for advising defendant to plead guilty; 3) trial counsel was ineffective for failing to file a timely post-sentence motion to withdraw defendant's guilty plea; and 4) trial counsel was ineffective for failing to request a pre-sentence investigation report. Amended Petition at p. 3. On May 12,

D23

2015, the Court held an evidentiary hearing on defendant's claims.[1] On August 28, 2015, after having received post-hearing briefs from the parties, the Court rendered finding of fact and conclusions of law, and entered an order dismissing defendant's PCRA Petition. This appeal followed.

## II. FACTUAL BACKGROUND

The factual basis proffered by the Commonwealth for defendant's guilty plea established the following. In early May, 2009, Rodger Bookard and Richard Frazier were discussing marijuana that they had purchased from Marcus Ramsey.[2] Bookard stated that his friend, co-defendant Evan Wiles, would be interested in getting some of that marijuana. This led to telephone conversations during which Bookard made arrangements for Wiles to meet Ramsey.

On May 8, 2009, Wiles and co-defendant Michael Watkins, together with Bookard and Frazier, went to a home on the 7300 block of Gorman Street in Philadelphia to meet with Ramsey. Wiles and Ramsey were in the basement discussing the possible sale of the marijuana that Ramsey had brought with him, while Watkins, Bookard, and Frazier were in the living room of the house. At some point, Frazier went to the kitchen where Watkins placed him in a headlock, pulled out a gun, pointed it at Frazier's head, and ordered Frazier to call Ramsey upstairs. Wiles also came into the kitchen with a drawn gun and began talking on the phone. Frazier called to Ramsey as Watkins had demanded and Ramsey began coming up the stairs. As Ramsey came up the stairs he saw Watkins with the gun and began fleeing back down the stairs. Watkins then fired twice at Ramsey, striking him in the back and side.

Shortly after the shooting, defendant entered the home wielding a weapon with an 18-inch barrel. Defendant, Watkins, and Wiles began going through the pockets of everyone else in

---

[1] At the time of the hearing, defendant withdrew his claim regarding the presentence report. N.T. 5/12/2015 at 9.
[2] Ramsey was also identified as Cornell Fisher. N.T. 4/3/12 at 21. Frazier's name is alternatively spelled as "Fraser" at the guilty plea hearing and in defendant's Amended Petition. N.T. 4/3/12 at 20.

2

the home, taking numerous items as well as the marijuana, before leaving. Ramsey was later found dead in the basement. N.T. 4/3/12 at 20-25.

## III. DISCUSSION

Defendant claims on appeal that: 1) defendant's plea was involuntary as it was based on a misunderstanding of the law and/or misinformation provided by trial counsel; 2) trial counsel was ineffective for failing to properly explain to defendant that if he pled guilty, he would not be able to meet the manifest injustice standard necessary to withdraw his plea; 3) trial counsel was ineffective for advising defendant to plead guilty given that the key Commonwealth witness was contradicted by the physical evidence, that defendant had an alibi, and that the co-defendants were willing to testify on defendant's behalf; 4) trial counsel was ineffective for failing to file a motion to withdraw defendant's guilty plea; 5) the Court erred in finding trial counsel's testimony at the evidentiary hearing to be more credible than the testimony of defendant; and 6) the Court erred in finding that defendant was not entitled to relief. Appellant's Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶ 1. These claims are without merit.

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 685 A.2d 1000, 1003 (Pa. Super. 1996) (citing *Commonwealth v. Legg*, 669 A.2d 389, 391 (Pa. Super. 1995)). The reviewing court "will not disturb findings that are supported by the record." *Id.* Moreover, "[w]here a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." *Commonwealth v. White*, 734 A.2d 374, 381 (Pa. 1999) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 93-94 (Pa. 1998)).

3

Many of defendant's claims are premised upon allegations of trial counsel's ineffectiveness. Under Pennsylvania law, counsel is presumed effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973, 974-75 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). At a PCRA hearing, the defendant has the burden of establishing by a preponderance of the evidence that he is eligible for relief under the Act. 42. Pa.C.S. § 9543(a).

*A. Involuntariness of Defendant's Guilty Plea*

Defendant first asserts that the Court erred in finding that defendant's "plea was voluntary, intelligent, and knowing in that it was based on a misunderstanding of the law and [defendant's] rights and/or miss-information [*sic*] that counsel gave to [defendant]." Statement of Errors at ¶ 1. Where, as here, a claim is made that a plea was involuntary due to counsel's errors, that claim is properly considered as one of ineffective assistance of counsel, and not under

4

the separate provision of the PCRA pertaining to guilty pleas. *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002).

The misinformation and erroneous legal information that form the basis for defendant's claim were specifically set forth in the affidavit of defendant attached to the Amended Petition. There, defendant claimed that trial counsel, Anthony Petrone, told defendant that it would be strategically advantageous for defendant to sever his case from his co-defendants, and that the only way to accomplish that severance would be to plead guilty on the day of trial, and then subsequently move to withdraw the guilty plea.[3] According to defendant, he followed counsel's advice and pled guilty, even though he was innocent and had an alibi. This advice from counsel, however, turned out to be a ruse, since counsel refused to file the motion to withdraw the guilty plea. As a result, defendant was "tricked" and "betrayed" by counsel into giving up his right to a trial. Exhibit P1 to Amended Petition (Affidavit of July 9, 2013 of Clarence Henry); *see* Amended Petition at p.5.

Unfortunately for defendant, the evidence adduced at the evidentiary hearing convincingly established that the factual basis asserted for this claim was utterly false. At the hearing, Mr. Petrone testified that he never, at any time, recommended that defendant plead guilty as part of a strategy to attempt to withdraw the plea at a later time and go to trial without the co-defendants. N.T. 5/12/15 at 14-15, 21-22, 31, 53-54. The Court found this testimony to be credible, and the contrary testimony of defendant, which was consistent with his affidavit, N.T. 5/12/15 at 67-68, 73-74, to be utterly incredible. N.T. 8/28/15 at 4-5 (findings of fact and conclusions of law of the Court). The credibility of theses witnesses was a matter properly

---

[3] Mr. Petrone had previously filed a motion to sever, but that motion had been denied by the Court. N.T. 5/12/2015 at 13-14.

determined by the PCRA court. *White,* 734 A.2d at 381. Because defendant completely failed to establish the factual predicate for his claim, it was properly rejected.

Moreover, a review of the guilty plea hearing held in this matter shows that defendant reviewed and signed a written plea colloquy prior to entering his plea. N.T. 4/3/12 at 5-7. In addition, the Court conducted an extensive oral colloquy of defendant and defendant testified that he was entering his plea because he was, in fact, guilty and that no additional promises, threats, or force were used to induce defendant to plead. N.T. 4/3/12 at 29-31. There is no credible evidence in the record to suggest that defendant's guilty plea was in any manner unknowing or involuntary. No relief is due.

### B. Failure to Explain the Effect of the Manifest Injustice Standard

Defendant asserts that trial counsel was ineffective for "failing to properly explain to [defendant] that if he entered into the plea, he would not be able to meet the manifest injustice standard in order to withdraw the plea." Statement of Errors at ¶ 2. However, at no time, either in his *Pro Se* Petition or in his Amended Petition, did defendant allege that trial counsel failed to properly explain the legal standard for withdrawing his guilty plea following sentencing, or failed to properly advise him that he would not be able to meet that standard. Because defendant's claim was never raised before the trial court, it has been waived for purposes of appeal. *Commonwealth v. Rigg,* 84 A.3d 1080, 1084-85 (Pa. Super. 2014).[4]

---

[4] The only time defendant mentioned the "manifest injustice" standard in his Amended Petition was in the context of an altogether different claim, that is, that counsel was ineffective for not moving to withdraw the guilty plea since the manifest injustice standard *was* met and therefore such a motion would have been granted. Amended Petition p. 12. That claim, which is discussed below, is obviously different from the above claim, now raised for the first time on appeal, that counsel was ineffective for not telling defendant that the manifest injustice standard *could not* be met.

6

## C. Advising Defendant to Plead Guilty Notwithstanding a Weak Commonwealth Case

Defendant asserts that trial counsel was ineffective for "advising [defendant] to take the plea when counsel was aware that the Commonwealth's key witness (Frazier) testimony was contradicted by incontrovertible physical facts, [defendant] had an alibi and [defendant's] co-defendants were willing and available to testify on [defendant's] behalf to exculpatory facts." Statement of Errors at ¶ 3. This claim is without merit.

"Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hickman,* 799 A.2d at 141 (internal quotation marks and citations omitted). Here, Mr. Petrone credibly testified at the evidentiary hearing that there was compelling evidence against defendant that could well have resulted in a conviction requiring a life sentence. N.T. 5/12/15 at 32-39. The Commonwealth's contention was that defendant participated in a robbery during which the victim was shot and killed by one of defendant's co-conspirators. If those facts were proven at trial, defendant would be guilty of second degree murder, requiring a life sentence, even if defendant did not personally do the killing and even if he had no intent to kill. *See* 18 Pa.C.S. §§ 1102(b) (mandatory life sentence for second degree murder) & 2502(b) (defining second degree murder). Mr. Petrone testified that he was concerned that there were eyewitnesses describing one of the assailants as having tattoos running up and down his hands and arms. The witnesses' descriptions of this unusual pattern of tattoos accurately described defendant's tattoos. N.T. 5/12/2015 at 32-33. Also, two eyewitnesses identified defendant from a lineup even though the participants in the lineup had their arms behind their backs so that the tattoos were hidden. N.T. 5/12/2015 at 33-34. In addition, cell phone records at the time of the homicide showed phone contact between defendant and two of

7

the co-conspirators. N.T. 5/12/2015 at 35-36. This was all compelling evidence that could readily have resulted in a jury verdict requiring a life sentence.

It is true that ballistics evidence was available that could have impeached one of the Commonwealth's eyewitnesses. In particular, witness Frazier stated that defendant fired shots in a location where there was no ballistic evidence of any shots having been fired. Nevertheless, Mr. Petrone credibly stated that this evidence, while helpful to the defense, was not enough to undermine the Commonwealth's compelling evidence of guilt. N.T. 5/12/2015 at 37-38.

As for the purported alibi, Mr. Petrone, credibly testified that he had never heard of defendant's alibi witness, Aaron Henry, prior to the PCRA proceedings. N.T. 5/12/15 at 17, 29-30. Mr. Petrone also credibly testified that defendant never contended at any time prior to the PCRA hearing that the codefendants were willing to testify on defendant's behalf. N.T. 5/12/15 at 54.

The record thus amply supports the Court's finding that Mr. Petrone had a reasonable basis to believe that the weaknesses in the Commonwealth's case were likely insufficient to successfully prevent defendant's conviction for a form of homicide requiring a life sentence. The record similarly refutes defendant's claim that counsel was aware of an alibi witness and that the co-defendants were willing to testify on defendant's behalf. Accordingly, defendant's claim of trial counsel ineffectiveness for advising defendant to plead guilty was properly rejected.

*D. Failure to File Motion to Withdraw Guilty Plea*

Defendant further asserts that trial counsel was ineffective "for failing to timely file a motion to withdraw [defendant's] plea after [defendant] specifically requested his attorney to do so." Statement of Errors at ¶ 4. This claim is without merit.

8

"[W]here a defendant seeks to withdraw a plea of guilty after sentence has been imposed, he must demonstrate that a manifest injustice will result if he is not allowed to withdraw the plea." *Commonwealth v. Myers*, 642 A.2d 1103, 1104 (Pa. Super. 1994). Manifest injustice may only be established by proving that the plea was not tendered knowingly, intentionally and voluntarily. *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009), *appeal denied*, 992 A.2d 885 (Pa. 2010). "In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." *Id.* at 128.

In his Amended Petition, defendant alleged that he requested counsel to move to withdraw defendant's guilty plea and that counsel ignored this request. Amended Petition at pp. 10-11. Mr. Petrone testified at the evidentiary hearing that he received a letter from defendant on April 8, 2012, in which defendant requested that counsel file a motion to withdraw defendant's guilty plea. N.T. 5/12/15 at 19. Mr. Petrone also testified that defendant's request was premised upon his belief that he could now be tried without his co-defendants, as they had pled guilty. N.T. 5/12/15 at 27-28. Mr. Petrone testified that he responded to defendant's request on April 12, 2012, stating that he did not believe there were any valid grounds on which to move to withdraw the plea. N.T. 5/12/15 at 21-22, 27.

The Court agrees with Mr. Petrone. Such a motion would have been baseless since there is absolutely nothing in the record to suggest that defendant's plea was not knowing, intelligent, and voluntary. As stated above, defendant reviewed and signed a written plea colloquy prior to entering his plea. N.T. 4/3/12 at 5-7. In addition, the Court conducted an extensive oral colloquy of defendant and defendant testified that he was entering his plea because he was, in fact, guilty and that no additional promises, threats, or force were used to induce defendant to

9

plead. N.T. 4/3/12 at 29-31. Because defendant failed to establish any basis for a successful post-sentence motion to withdraw his guilty plea, no relief is due.

*E. Court Error in Crediting Evidentiary Hearing Testimony*

Defendant next asserts that the Court "erred in finding that [defendant's] testimony and evidence was not as credible as that given by trial counsel; Specifically, [defendant] avers that the Court's findings are inconsistent with and contrary to the evidence presented, and that the Court did not sufficiently credit and weigh [defendant's] lack of knowledge of the plea and trial process…" Statement of Errors at ¶ 5. The credibility of the witnesses at a PCRA hearing is a matter vested in the sound discretion of the PCRA court. Such determinations are binding upon the reviewing court provided these determinations are supported by the record. *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009); *White*, 734 A.2d at 381. As described above, the Court's evidentiary hearing credibility determinations are fully supported by the record in this matter. No relief is due.

*F. Court Error in Finding No Error*

Finally, defendant asserts that the Court "erred in finding that [defendant] is not entitled to relief." Statement of Errors at ¶ 6. For the reasons stated above, all of defendant's claims are without merit. Therefore, the Court correctly ruled that defendant is not entitled to relief.

## IV. CONCLUSION

For the foregoing reasons, the Court's order dismissing defendant's PCRA petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

10