J-S32033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW GRAY, | |
| Appellant | No. 2379 EDA 2015 |

Appeal from the Judgment of Sentence July 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004644-2015

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                **FILED MAY 18, 2016**

Appellant, Matthew Gray, appeals from the judgment of sentence imposed following his negotiated guilty plea to aggravated assault.[1]  Counsel has filed an ***Anders***[2] brief, and requested permission to withdraw.[3]  We affirm the judgment of sentence and grant counsel's petition to withdraw.

On July 14, 2015, Appellant entered a counseled guilty plea to aggravated assault and agreed to the following factual basis:

> [O]n February 6, 2015[,] police arrived at 1909 East Oakdale believing they were responding to a burglary in progress.  It was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

[3] Appellant has not responded to the petition to withdraw.

determined that it was instead a disturbance at that property. [Appellant] was attempting to get into a property where he had once lived and he appeared to be intoxicated or under the influence of some substance.

[Appellant] was asked to leave the area by police and was even offered a ride out of the area by police. [Appellant] refused and poked Police Officer Brandish in the face with his finger. At which point police got out of the patrol vehicle and told [Appellant] he was under arrest.

[Appellant] then attacked the officer, grabbed him by the neck and pushed him up against the patrol vehicle[. A] struggle ensued and [Appellant] resisted arrest by disregarding verbal commands and pulling his arms from police grasp.

Police were eventually able to subdue [Appellant] after several moments of resistance. Upon securing him in the back of the vehicle [while] police [] wait[ed] for a wagon, [Appellant] then attacked Officer Brandish by kicking him in the chest and causing him to fall to the ground. [Appellant] sprung out of the vehicle with handcuffs on and continued to kick the officer numerous times in the body and chest as he was on the ground.

The officer was able to [again secure Appellant] by deploying his Tazer one time. [Appellant] was transported to Episcopal Hospital for treatment of injuries [suffered] during this altercation. Police Officer Bran[d]ish did sustain bleeding to his neck, head and chin as well as scratches.

(N.T. Plea Hearing and Sentencing, 7/14/15, at 17-18).

Prior to recitation of the facts Appellant completed and signed a written guilty plea colloquy. The court conducted an oral colloquy during which it referenced the written colloquy. After Appellant admitted to the factual basis, the court accepted his plea as knowing, intelligent and voluntary. (*See id.* at 18-19). The trial court then accepted and imposed the negotiated sentence of four years of probation and 160 hours of

community service to be completed within six months.[4] (*See id.* at 5, 7, 19). The sentence was below the standard range. (*See id.* at 4).

Appellant filed a timely notice of appeal on August 7, 2015. Pursuant to the court's order, he filed a concise statement of errors complained of on appeal on September 9, 2015, and filed a supplemental statement, with leave of court, on October 5, 2015. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on October 8, 2015. *See* Pa.R.A.P. 1925(a).

Before reaching the merits of the issue raised in the *Anders* brief, we address counsel's petition to withdraw. *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

To withdraw pursuant to *Anders,* counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him or her of the right to obtain new counsel or file a *pro se* brief to raise any

---

[4] In exchange for his guilty plea, the Commonwealth *nolle prossed* Appellant's charges for simple assault, 18 Pa.C.S.A. § 2701(a), recklessly endangering another person, 18 Pa.C.S.A. § 2705, and resisting arrest, 18 Pa.C.S.A. § 5104.

additional points that the appellant deems worthy of review. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Thereafter, this Court independently reviews the record and issues. *See id.*

Here, on review, it appears that counsel has substantially complied with *Anders*, *supra*, and *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (holding counsel must state reasons for concluding that appeal is frivolous). Counsel has also substantially complied with *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005), by filing a copy of the notice letter advising Appellant of his rights. Therefore, we will undertake our own independent review of the appeal to determine if it is wholly frivolous.

In the *Anders* brief, Appellant's counsel presents two issues that might arguably support an appeal:

1. Was the guilty plea in this matter made knowingly and voluntarily?

2. Was the sentence of [four] years['] probation imposed by the lower court illegal or excessive?

(*Anders* Brief, at 3).

In his first issue, Appellant claims that his guilty plea was not knowing or voluntary because the court did not address all of the elements that are essential to a valid plea colloquy during its oral colloquy of Appellant. (*See id.* at 10-11). We disagree.

Preliminarily, we note that Appellant failed to object to his plea at the colloquy or file a timely motion to withdraw his guilty plea, and accordingly he has waived any challenge to the plea. *See **Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. [***See***] Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver.") (case citation omitted).

Moreover, even if not waived, Appellant has not demonstrated that he entered into an unknowing or involuntary plea.

> The law does not require that a defendant be pleased with the outcome of his decision to enter a plea of guilty. All that is required is that the defendant's decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he

accepts such agreement. Inquiry into these six areas is mandatory in every guilty plea colloquy.

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Therefore, [w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994) (citations and quotation marks omitted).

Here, Appellant pleaded guilty after signing a detailed written guilty plea colloquy, in which he acknowledged that he understood the nature of the charges against him, the factual basis for his plea, his right to a jury trial, his presumption of innocence, the permissible sentencing range, and that the judge was not bound by the terms of the plea bargain. (*See* Written Guilty Plea Colloquy, 7/14/15, at 1-3). Additionally, the trial court conducted an oral colloquy at the plea hearing, during which Appellant acknowledged that he understood the rights that he was waiving, the presumption of innocence, the maximum sentence, and the elements of the offense, and confirmed that he had understood and signed the written colloquy. (*See* N.T. Hearing, 7/14/15, at 4, 16).

The record demonstrates that the trial court complied with Pennsylvania's guilty plea procedures in its colloquy and Appellant understood the natures of the charges against him. *See Myers*, *supra* at 1105. Accordingly, the record supports that Appellant's plea was voluntary

and knowing. *See id.* Appellant's first issue is wholly frivolous and would not merit relief.

Appellant's second issue challenges the discretionary aspects of his sentence. (*See Anders* Brief, at 12-13). It is well-established that where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (case citation omitted).

"The determination of whether a substantial question exists must be determined on a case-by-case basis." *Commonwealth v. Hartman*, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1)

- 7 -

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

Here, Appellant has met the first prong of this test by timely filing a notice of appeal. However, he has failed to preserve his discretionary aspects of sentencing issue at sentencing or in a timely-filed motion to reconsider sentence pursuant to Pa.R.Crim.P. 720 and has failed to include a statement of reasons relied on for appeal in the ***Anders*** brief or in response to the petition to withdraw. ***See Moury***, ***supra*** at 170. Appellant's claim is waived. Moreover, "where the guilty plea agreement between the Commonwealth and a defendant contains a negotiated sentence, as is the case herein, and where that negotiated sentence is accepted and imposed by the court, a defendant is not allowed to challenge the discretionary aspects of the sentence." ***Commonwealth v. Byrne***, 833 A.2d 729, 735 (Pa. Super. 2003) (citations omitted). Accordingly, Appellant's second issue is waived.

We agree with counsel that Appellant's claims are wholly frivolous. On independent review, we find no other non-frivolous issues that would merit relief for Appellant.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016