479 A.2d 5

COMMONWEALTH of Pennsylvania

v.

Anthony Tyrone JACKSON, Appellant.

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed July 27, 1984.

Charles D. Younger, Assistant Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Following a counseled, negotiated plea bargain, appellant entered a plea of guilty to robbery and received a sentence

of four to ten years imprisonment. In addition, appellant was ordered to make restitution and fined $500. In accordance with the terms of the plea bargain, counts charging criminal conspiracy, theft by unlawful taking, receiving stolen property and crime committed with a firearm were dismissed. A timely motion to withdraw the guilty plea was filed, along with a motion for modification of sentence. The trial court denied both motions. Appellant brings this appeal from the judgment of sentence following denial of his motions.

Appellant first contends that the failure of the court, during the plea colloquy, to denominate the range of possible fines to which appellant was exposed, renders his plea unknowing. We disagree. We note that the maximum fine which can be imposed on a first or second degree felony is $25,000. 18 Pa.C.S. § 1101(1). Appellant does not argue in his brief, nor did he contend at the evidentiary hearing, that had he known he was subject to a possible fine of $25,000, he would not have accepted the very favorable bargain which had been tendered. Rather, he seemingly argues that the mere failure to include information regarding fines in the colloquy renders the plea colloquy defective such that withdrawal of the plea is mandatory. This is not the law.

*Commonwealth v. Weiss*, 289 Pa.Super. 1, 432 A.2d 1020 (1981), cited to support appellant's position, is inapposite. There, Judge HESTER affirmed an order denying post-conviction relief, with one member of the three-judge panel concurring in the result and the third judge filing a concurring opinion. Judge Hester did note, in passing, that where defendant had tendered a plea of guilty to *three* counts of burglary, it was error for the trial court to have only informed the defendant he could possibly be fined $25,000, rather than the aggregate $75,000. In *Weiss*, our court held that a deficiency of this nature, i.e., inaccurate statement of range of fines, does not alone require reversal absent a finding of ineffectiveness by trial counsel in failing to bring the defect to the court's attention.

Nor do we find *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978) helpful to appellant. There, Justice (now Chief Justice) NIX, discussed the Comment to Pa.R.Crim.P. 319(a), which recommends that the judge receiving the plea ask questions to elicit information in six areas, including:

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

The *Kulp* court found the colloquy inadequate where the only part that addressed this subject was:

Q. [By the court to defendant]. Do you understand what the sentences could be?

A. Yes.

█ We are unaware of any case, nor has counsel directed us to one, which holds that a failure to include the permissible range of fines in an otherwise complete colloquy renders that proceeding so defective as to require that a motion to withdraw guilty plea after sentencing must be granted. We therefore reject appellant's first contention.

█ As to appellant's second, and only other contention, we find that President Judge Grant E. Wesner properly rejected appellant's claim that a recantation of guilt following sentencing rises to the level of prejudice on the order of manifest injustice.

Accordingly, the judgment of sentence is affirmed.