642 A.2d 1103

**COMMONWEALTH of Pennsylvania**

v.

**Ernest MYERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1994.

Filed May 26, 1994.

Marilyn J. Gelb, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge.

■ On November 15, 1991, Ernest Myers, Jr. entered a negotiated plea of guilty to a charge of rape, in return for which the Commonwealth agreed to nol pros other charges and recommend a sentence of imprisonment for not less than

three (3) years and not more than six (6) years.[1] The plea was accepted after an extensive colloquy, and Myers was sentenced the same day in accordance with the plea agreement. On November 22, 1991, however, Myers filed a petition to withdraw his guilty plea, alleging that he was innocent of the rape charge and that his plea had been involuntarily entered because he had been under emotional distress at the time. Myers' petition to withdraw his guilty plea was denied on June 30, 1992, after hearing. A direct appeal was filed, but this was later dismissed for failure to file an appellate brief. Myers then filed a petition under the Post Conviction Relief Act, and, pursuant thereto, was granted leave to file an appeal nunc pro tunc. In his nunc pro tunc appeal, Myers argues that the trial court erred by denying his petition to withdraw his plea of guilty because he asserted his innocence and because the Commonwealth would not have been prejudiced thereby. After careful review, we affirm the judgment of sentence.

Where a defendant moves to withdraw a plea of guilty prior to the imposition of sentence, the motion should be liberally granted for any fair or just reason, so long as the Commonwealth will not be substantially prejudiced thereby. See: *Commonwealth v. Forbes*, 450 Pa. 185, 190–191, 299 A.2d 268, 271 (1973). Indeed, a defendant's mere assertion of innocence may constitute a fair and just reason for allowing the pre-sentence withdrawal of a guilty plea. *Commonwealth v. Forbes, supra* at 191–192, 299 A.2d at 272. However, where a defendant seeks to withdraw a plea of guilty after sentence has been imposed, he must demonstrate that a manifest injustice will result if he is not allowed to withdraw the plea. See: *Commonwealth v. Schultz*, 505 Pa. 188, 191, 477 A.2d 1328, 1329–1330 (1984); *Commonwealth v. Shaffer*, 498 Pa. 342, 346–347, 446 A.2d 591, 593 (1982).

Instantly, appellant did not move to withdraw his guilty plea until after sentencing. He argues, nevertheless, that the pre-

1. During the guilty plea colloquy, it was agreed further that the sentence imposed upon appellant should be served concurrently with any sentence subsequently imposed for a violation of his federal probation which might result from his pleading guilty to the rape charge in the instant case.

sentence standard should apply because he entered a plea of guilty and was sentenced on the same day and, thus, never had an opportunity to move to withdraw his plea prior to sentencing. We reject this argument. A similar argument was considered in *Commonwealth v. Refile,* 353 Pa.Super. 190, 509 A.2d 400 (1986), *allocatur denied,* 518 Pa. 655, 544 A.2d 1342 (1988), where the Superior Court reasoned as follows:

Pa.R.Crim.P. 320 provides that "[a]t any time **before sentence,** the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." (Emphasis added.) Under this Rule, " '[i]f the court finds "any just reason," withdrawal of the plea should be freely permitted, unless the prosecution has been "substantially prejudiced." ' " *Commonwealth v. Middleton,* 504 Pa. 352, 355, 473 A.2d 1358, 1359 (1984), quoting *Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A.2d 268, 271 (1973). A post-sentence motion to withdraw a plea pursuant to Pa.R.Crim.P. 321, on the other hand, will be granted only upon a showing of prejudice on the order of manifest injustice. *Commonwealth v. Middleton, supra.*

Appellant does not dispute that his request to withdraw the plea of guilty was made after sentence had been imposed. He argues, however, that he should have been permitted to proceed under the pre-sentence standards of Rule 320 because he was not given an opportunity to withdraw his guilty plea prior to the imposition of sentence. Appellant has cited no authority for the principle, implicit in his argument, that one who enters a plea of guilty **must** be given a period of ten days within which to reconsider his plea of guilty and file a motion to withdraw the plea before he can be sentenced. Our own research, similarly, has disclosed no support for such a principle of law. Rule 320 does not contain a mandatory waiting period before the imposition of sentence, and we discern no sound reason for reading the rule as implying such a requirement. Appellant's argument to the contrary is rejected.

*Id.* 353 Pa.Super. at 192–193, 509 A.2d at 401–402. The *Refile* Court's rationale is equally applicable to the instant case. In order to be permitted to withdraw his guilty plea after sen-

tencing, therefore, it was essential that appellant demonstrate prejudice in the nature of a manifest injustice.[2]

In *Commonwealth v. McClendon*, 403 Pa.Super. 467, 589 A.2d 706 (1991) (en banc), *allocatur denied*, 528 Pa. 622, 597 A.2d 1151 (1991), the Superior Court observed:

> "In order to permit the withdrawal of a guilty plea after sentence has been entered, there must be a showing of prejudice that results in a manifest injustice to the defendant." *Commonwealth v. Vance*, 376 Pa.Super. 493, 499, 546 A.2d 632, 635 (1988). See also: *Commonwealth v. Schultz*, 505 Pa. 188, 191, 477 A.2d 1328, 1329–1330 (1984); *Commonwealth v. Muller*, 334 Pa.Super. 228, 233–234, 482 A.2d 1307, 1310 (1984). "To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge." *Commonwealth v. Fenton*, 388 Pa.Super. 538, 542, 566 A.2d 260, 262 (1989). See also: *Commonwealth v. Jones*, 389 Pa.Super. 159, 162, 566 A.2d 893, 895 (1989); *Commonwealth v. Campbell*, 309 Pa.Super. 214, 219, 455 A.2d 126, 128 (1983). However, "[o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. West*, 336 Pa.Super. 180, 186, 485 A.2d 490, 493 (1984). See also: *Commonwealth v. Phillips*, 374 Pa.Super. 219, 222, 542 A.2d 575, 576 (1988); *Commonwealth v. Brown*, 242 Pa.Super. 240, 244, 363 A.2d 1249, 1251 (1976).

*Id.* 403 Pa.Super. at 469–470, 589 A.2d at 707.

The law does not require that a defendant be pleased with the outcome of his decision to enter a plea of guilty. All

---

2. Appellant also urges this Court to view his plea as one of nolo contendere, and, as such, to apply the more liberal presentence standard to his request to withdraw his plea. The record is clear, however, that appellant entered a plea of *guilty*. Moreover, even if we were to construe his plea as he has requested, appellant's situation would not change. It is well settled that, "[i]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Boatwright*, 404 Pa.Super. 75, 83, 590 A.2d 15, 19 (1991).

that is required is that the defendant's decision to plead guilty be knowingly, voluntarily and intelligently made. *Commonwealth v. Martin*, 416 Pa.Super. 507, 512, 611 A.2d 731, 733 (1992).

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa. R.Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987); *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987). See also: *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986).

*Commonwealth v. Cole*, 387 Pa.Super. 328, 335–336, 564 A.2d 203, 206–207 (1989) (en banc). " 'In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.' This determination is to be made 'by examining the totality of the circumstances surrounding the entry of the plea.' " *Commonwealth v. Fluharty*, 429 Pa.Super. 213, 219, 632 A.2d 312, 314 (1993), quoting *Commonwealth v. Broadwater*, 330 Pa.Super. 234, 244, 479 A.2d 526, 532 (1984). "Therefore, '[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, dur-

ing which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.' " *Commonwealth v. Miller*, 432 Pa.Super. 619, 630, 639 A.2d 815, 820 (1994), quoting *Commonwealth v. Lewis*, 430 Pa.Super. 336, 341, 634 A.2d 633, 635 (1993).

Our review of the record in the instant case discloses that, prior to accepting appellant's guilty plea, the trial court engaged appellant in an extensive colloquy in which it was explained to him all of the rights he would be giving up by pleading guilty. During the colloquy, appellant denied that he had been threatened or coerced into pleading guilty and said that he was doing so of his own free will. When the trial court asked appellant a second time whether his decision to plead guilty had been a voluntary one, he responded, "Absolutely." Thereafter, following the prosecutor's summary of the factual basis for the plea, appellant, after a tearful hesitation, responded affirmatively that he had forced the victim to have sex with him.[3] At the conclusion of the colloquy, however, the following occurred:

> THE COURT: I see some people here besides the lawyers and the court personnel.
>
> Do you mind telling me who you are?
>
> MS. WILLIAMS: I'm his sister, Theresa Williams.
>
> THE COURT: How old are you, ma'am?

**3.** This portion of the guilty plea colloquy appeared as follows:

> THE COURT: Mr. Myers, did you understand what the D.A. said?
> THE DEFENDANT: Some of it, yeah.
> THE COURT: What don't you understand?
> THE DEFENDANT: Well, I understand all that she read but obviously—
> THE COURT: What do you disagree with?
> THE DEFENDANT: The way that which it was said.
> MS. SYNNESTVEDT [Assistant District Attorney]: Again I was just briefly summarizing.
> THE COURT: Do you agree that you forced [the victim] to have sex with you?
> THE DEFENDANT: (Pause) Yes.
> THE COURT: Let the record indicate that several minutes elapsed between the time I asked him the question and Mr. Myers answered yes during which time he was tearful. And I think it's agreed on the record that no pressure was put on him to answer yes. Am I correct?
> MR. MAGGITTI [Defense Counsel]: That's correct.

MS. WILLIAMS: Thirty six.

THE COURT: And do you know of any reason why your brother would not be capable of understanding what he's doing here today?

MS. WILLIAMS: I think he understands everything that's going on here, and I think he feels as though he don't have any choice, that he's pressured into it—this is what he cried to me last night. That he said I going into this because I don't have any choice, either way with this system I'm innocent but they are going to say I'm guilty. I told him, I said the only thing he can do is believe in the master of all masters and let heaven guide us and just tell the truth. If he didn't do it I don't care what nobody says, say he didn't do it. And that's the only thing he can do.

Appellant now argues that his own hesitation before admitting his guilt, combined with his sister's assertion that he had said he was innocent, demonstrated that his plea of guilty was not voluntarily entered. Therefore, he asserts, he should have been permitted to withdraw the plea. We disagree.

With respect to a defendant's decision to plead guilty, the Pennsylvania Supreme Court has said:

A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the intent. The facts that he acknowledges may or may not be within the powers of the Commonwealth to prove. However, the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.

A defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs. What is generally and most objectively accepted is that a plea is offered to relieve conscience, to set the record straight and, as earnest of error and repentance, to accept the penalty.

*Commonwealth v. Anthony,* 504 Pa. 551, 558, 475 A.2d 1303, 1307 (1984). The Supreme Court has also observed that:

> The desire of an accused to benefit from a plea bargain which he requests his counsel to arrange has been viewed as a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Lee,* 460 Pa. 324, 328, 333 A.2d 749, 750 (1975). *See also Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971). Just as a defendant may decide, as a matter of strategy or expedience, to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime," *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970), *accord Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Sampson,* 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Cottrell,* 433 Pa. 177, 249 A.2d 294 (1969), so also may a defendant, as a matter of expedience, decide to accept a plea bargain offer solely to reap some benefit from the sentence recommendation reiterated to the judge at the time of the entry of the plea.

*Commonwealth v. Shaffer, supra,* 498 Pa. at 352–353, 446 A.2d at 596.

It is a well settled principle of law that " '[a] criminal defendant who elects to plead guilty has a duty to answer questions truthfully.' " *Commonwealth v. Cappelli,* 340 Pa.Super. 9, 20, 489 A.2d 813, 819 (1985) (en banc), quoting *Commonwealth v. Brown,* 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976). Therefore, "[a] defendant will not be permitted to postpone the final disposition of his case by lying to the court concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence." *Commonwealth v. Cole, supra,* 387 Pa.Super. at 335, 564 A.2d at 206. The mere fact that a defendant was "under pressure" at the time he entered a guilty plea will not invalidate the plea, absent proof that he was incompetent at the time the plea was entered. *Commonwealth v. Egan,* 322 Pa.Super. 71, 76–77, 469 A.2d 186, 189 (1983) (en banc).

The trial court in this case found that appellant's plea of guilty had been knowingly, voluntarily and intelligently entered and that, therefore, there was no valid basis upon which to permit the post-sentence withdrawal thereof. The court more fully explained its reasons for denying appellant's petition to withdraw his guilty plea as follows:

It is important to recognize that this Defendant was an active participant in the negotiations leading up to his guilty plea. The setting for the guilty plea colloquy—a robing room behind the courtroom—was selected by the Defendant. The colloquy itself ran to more than 40 pages of transcript, during which the Defendant asked many questions, and took nearly 90 minutes to conclude. Both plea and sentence were molded to this Defendant's particular needs. This is tangible evidence of the knowing, intelligent and voluntary participation of the Defendant in the proceedings.

Evidently, the Defendant was on Federal probation at the time of his guilty plea. The guilty plea in our Court would certainly constitute a violation of the Federal probation, for which additional prison time could be imposed. At the Defendant's request, and with the Commonwealth's approval, we included a provision in our sentence allowing state authorities to give the Defendant credit for any time served in Federal prison as a result of the probation violation.

During the colloquy, we explained the consequences of a guilty plea and the rights a Defendant gives up by pleading guilty.

We described the jury selection process, the burden of proof that the Commonwealth must carry in order to prevail, and the Defendant's right to be tried by a jury of his peers.

The Assistant District Attorney reviewed the evidence that the Commonwealth would have presented had the case gone to trial. At each phase of the colloquy, the Defendant was asked if he understood the proceedings, and answered affirmatively.

The Defendant's family was present during the guilty plea colloquy. Although the Defendant's sister said on the record that *she* believed that her brother had been pressured into a guilty plea, the Defendant himself never said so, despite numerous opportunities to do so.

A Defendant need not be pleased with the outcome of his decision to plead guilty, *Commonwealth v. Martin, Jr.,* [416 Pa.Super. 507] 611 A.2d 731 (Pa.Super., 1992). We believe that a Defendant can knowingly, intelligently and voluntarily plead guilty even when he believes that he is innocent. Such a Defendant, after evaluating the possible outcomes of a trial, may well conclude that a negotiated guilty plea is in his best interests, in view of the range of sentences that could be imposed after a trial and conviction.

We therefore find that the Defendant's proclaimed innocence, even if true, has no bearing on the acceptability of his guilty plea.

Trial Court Opinion at pp. 2–4.

■ We agree with the trial court that appellant has not met his burden of proving that his guilty plea was involuntarily entered. He has not been able to demonstrate the manifest injustice necessary to permit him to withdraw the plea after sentence was imposed. The guilty plea colloquy in this case affirmatively establishes that appellant willingly and voluntarily agreed to plead guilty, after negotiating a favorable plea bargain, with full understanding of the consequences of his decision and of the rights he would be giving up by pleading guilty. During this colloquy, appellant admitted under oath that he had forced the victim to engage in sexual intercourse with him, as the Commonwealth had alleged in the information. He will not now be permitted to withdraw his plea by making·a bald assertion that he was innocent of the charge to which he pleaded guilty. A defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted

232

to withdraw his plea of guilty. See: *Commonwealth v. Jackson,* 330 Pa.Super. 144, 147, 479 A.2d 5, 6 (1984).

The judgment of sentence is affirmed.