J-S52040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NORMAN HARVEY A.K.A. ERIC ELROD, | : | |
| | : | |
| Appellant | : | No. 439 MDA 2018 |

Appeal from the Judgment of Sentence April 19, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005198-2015

BEFORE:    BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED: NOVEMBER 9, 2018**

Norman Harvey a.k.a. Eric Elrod (Appellant) appeals *nunc pro tunc* from his judgment of sentence of 10 to 23 months in prison, imposed following his negotiated guilty plea. Upon review, we affirm.

In June 2015, Frederick McCarty was arrested after presenting a forged prescription to a pharmacy. While he was in custody, McCarty informed store security that his friend "Q" (later identified as Appellant) and another person named Steven Smith were outside in a vehicle with a glove box full of cocaine, heroin, and prescriptions. Police were called, and they located the vehicle with Appellant and Smith inside. The vehicle contained a forged prescription for Oxycodone in Smith's name, thirteen vials of cocaine, four bundles of heroin, two Oxycodone tablets, four Suboxone films, four cell

---

*Retired Senior Judge assigned to the Superior Court.

phones, a paper cutter, and sixteen sheets of white paper with two counterfeit prescriptions on each page.

Appellant was charged with various crimes in connection with this incident. On April 19, 2016, Appellant entered a negotiated guilty plea to one count of criminal attempt to acquire a controlled substance by fraud; four counts of conspiracy to acquire a controlled substance by fraud; three counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; and one count of unlawful possession of instruments of a crime. The trial court sentenced him on the same date to an aggregate term of 10 to 23 months in prison in accordance with the plea agreement. Appellant did not file a post-sentence motion or appeal.

On October 13, 2016, Appellant timely filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, alleging, *inter alia*, that his plea counsel was ineffective for failing to file a post-sentence motion to withdraw his guilty plea. Following appointment of counsel and a hearing, the PCRA court reinstated Appellant's post-sentence and appellate rights *nunc pro tunc* and provided Appellant with twenty days from the date of its order in which to file a post-sentence motion.[1,2] PCRA Court Order, 10/16/2017, at 1.

---

[1] The PCRA court permitted Appellant's original appointed PCRA counsel to withdraw and appointed new counsel to represent Appellant for the post-sentence motion and appeal. PCRA Court Order, 10/16/2017, at 1.
*(Footnote Continued Next Page)*

Appellant complied, filing his November 6, 2017 post-sentence motion to withdraw his guilty plea within 20 days of the October 16, 2017 order authorizing the same. Within the motion, Appellant made a bare assertion of his innocence and contended that he did not enter into the plea knowingly, intelligently, and voluntarily. Motion to Withdraw Plea,

*(Footnote Continued)* ─────────────────

[2] The PCRA court's order provided Appellant with twenty days in which to file his post-sentence motion. This was in error. *See* Pa.R.Crim.P. 708, Comment ("In those cases in which a petitioner under the [PCRA] has been granted leave to file a post-sentence motion or to appeal *nunc pro tunc*, the filing of the post-sentence motion or the notice of appeal must comply with the timing requirements contained in paragraph (A) of this rule."). To be considered timely filed, Appellant needed to have filed his post-sentence within ten days of the PCRA court's order. Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence.").

Furthermore, because Appellant's post-sentence motion was untimely filed, the filing of that motion did not toll the thirty-day appeal period. *See* Pa.R.Crim.P. 720(A)(3). Appellant had until November 15, 2017, to file a notice of appeal. Appellant did not file his notice of appeal until March 6, 2018, which was within thirty days of the February 13, 2018 order denying his post-sentence motion, instead of within thirty days of the October 18, 2017 order reinstating his appellate rights.

"Generally, an appellate court cannot extend the time for filing an appeal." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Id.* Because the trial court misinformed Appellant regarding the timeframe for filing a motion following reinstatement of his post-sentence rights pursuant to the PCRA, we find there has been a breakdown in the processes of the court and will consider Appellant's notice of appeal as having been timely filed.

11/6/2017, at ¶¶ 18-20. The Commonwealth filed a response, and the trial court denied Appellant's motion without a hearing on February 13, 2018.

This appeal followed.[3] Appellant presents one issue for our consideration: whether the trial court abused its discretion by denying his post-sentence motion to withdraw his guilty plea. **See** Appellant's Brief at 7.

This Court reviews the denial of a post-sentence motion to withdraw a guilty plea by the following standard.

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.
>
> ***
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

**Commonwealth v. Hart**, 174 A.3d 660, 664–65 (Pa. Super. 2017) (internal citations and quotation marks omitted). *Inter alia*, the law imposes a stricter standard for post-sentence withdrawal motions in order to balance

---

[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

"the tension … between the individual's fundamental right to a trial and the need for finality in the proceedings." ***Commonwealth v. Hvizda***, 116 A.3d 1103, 1106 (Pa. 2015).

On appeal, Appellant argues that the trial court abused its discretion in denying his motion because he is actually innocent. Appellant's Brief at 14. He further argues that he did not enter into a knowing, intelligent, and voluntary guilty plea. ***Id.*** at 13-14.

Regarding Appellant's claim of innocence, "this Court has held that post-sentence claims of innocence do not demonstrate manifest injustice." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citing ***Commonwealth v. Myers***, 642 A.2d 1103, 1108 (Pa. Super. 1994) ("A defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty.")).

Turning to Appellant's claim that he entered into the plea unknowingly, unintelligently, and involuntarily, we note that the legal argument Appellant advanced in his post-sentence motion to withdraw is different from the legal argument that Appellant presents to this Court on appeal. In his motion to withdraw, Appellant argued that his plea was unknowing, unintelligent, and involuntary because he did not understand the nature of the conspiracy charges and the factual basis for implicating him for criminal attempt of acquiring a controlled substance by fraud and the possession of the

instruments of crime. Motion to Withdraw Plea, 11/6/2017, at ¶¶ 19-20. On appeal, Appellant argues that his plea was unknowing, unintelligent, and involuntary because he felt "ambushed by the plea deal" and had no knowledge of the negotiated plea prior to entering court; trial counsel did not provide Appellant with any trial strategies other than his advice to take the negotiated plea; and "Appellant has repeatedly claimed that he felt blindsided, unaware, and unsure of the process of the plea agreement." Appellant's Brief at 13. Because Appellant presents a legal argument to this court that differs from the one he presented to the trial court, he has failed to preserve the argument and his claim is waived. *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008).

Even if Appellant had preserved his argument, we discern no abuse of discretion in the trial court's conclusion that Appellant entered into the plea knowingly, intelligently, and voluntarily, and thus he cannot demonstrate the occurrence of a manifest injustice. The trial court reasoned that the Commonwealth's attorney conducted a complete colloquy, which demonstrated Appellant's understanding of the terms of the plea agreement, the correctness of the charges, the agreed-upon sentence, and the constitutional rights he was giving up by pleading guilty. Trial Court Opinion, 6/21/2018, at 4 (citing N.T., 4/19/2016, at 2). Appellant stated

that he and his attorney went over the guilty plea form together.[4] *Id.* at 5 (citing N.T., 4/19/2016, at 3). Appellant further stated that he did not have any questions about any of the charges, he understood the written colloquy form he signed, and he did not have any questions about "anything." *Id.* (citing N.T., 4/19/2016, at 3-5). The factual basis and nature of all of the charges to which Appellant pleaded guilty were explained to Appellant on the record. *Id.* (citing N.T., 4/19/2016, at 3-5).

Appellant stated under oath that he understood the plea agreement and the charges to which he was pleading guilty. N.T., 4/19/2016, at 3-5. He cannot now assert that he did not understand the plea agreement process, the nature of the charges, or the factual basis for the charges. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."). We agree with the trial court that Appellant has not demonstrated the manifest injustice necessary to permit him to withdraw the plea after sentence was imposed. The guilty plea colloquy in this case

_____

[4] Appellant also acknowledged in the written colloquy that he was satisfied with his attorney's representation of him, and his attorney had explained to him all of the charges, the legal elements of each charge, and the maximum penalties for each charge. Guilty Plea Colloquy, 4/18/2016, at 2 (numbering supplied).

establishes that he willingly and voluntarily agreed to plead guilty, after negotiating a favorable plea bargain, with full understanding of the consequences of his decision and of the rights he would be giving up by pleading guilty.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018