J-S77038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
Appellee :
:
v. :
:
JASON V. SIDERIO, :
:
Appellant : No. 2626 EDA 2017

Appeal from the Judgment of Sentence July 11, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004420-2015

BEFORE: OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 13, 2019**

Jason V. Siderio (Appellant) appeals from the judgment of sentence imposed following his negotiated guilty plea. Upon review, we affirm.

Michael Joseph Walsh was fatally shot in South Philadelphia on January 22, 2015. In March 2015, the Commonwealth charged Appellant with the murder of Walsh, two felony and one misdemeanor counts relating to violations of the Uniform Firearms Act, and one misdemeanor count of possessing an instrument of crime.

On July 11, 2017, Appellant entered a negotiated guilty plea to one count of third-degree murder, one second-degree felony count of person not to possess a firearm, and one misdemeanor count of possessing an instrument of crime. The trial court sentenced Appellant on the same date

_____

*Retired Senior Judge assigned to the Superior Court.

J-S77038-18

to an aggregate term of 25 to 50 years in prison in accordance with the plea agreement.[1]

Appellant timely filed a post-sentence motion to withdraw his guilty plea. Within the motion, Appellant made a bare assertion of his innocence and averred that he did not enter into the plea voluntarily and knowingly. Motion to Withdraw Plea, 8/20/2017, at ¶¶ 4-5. Specifically, he contended that his decision to plead guilty was "clouded by the pressure of the consequences of a verdict of guilty" and that he did not understand the guilty plea colloquy. *Id.* Following argument, the trial court denied Appellant's motion on August 2, 2017.

This timely-filed appeal followed.[2] Appellant presents one issue for our consideration: whether the trial court abused its discretion by denying his post-sentence motion to withdraw his guilty plea. *See* Appellant's Brief at 6.

This Court reviews the denial of a post-sentence motion to withdraw a guilty plea by the following standard.

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of

[1] Appellant also pleaded guilty and was sentenced during the same hearing in an unrelated case.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 2 -

manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

\*\*\*

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664–65 (Pa. Super. 2017) (internal citations and quotation marks omitted). *Inter alia*, the law imposes a stricter standard for post-sentence withdrawal motions in order to balance "the tension … between the individual's fundamental right to a trial and the need for finality in the proceedings." *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).

On appeal, Appellant concedes that his answers during the colloquy at the plea hearing "appear[] to show that [his] plea of [g]uilty was knowing, intelligent, and voluntary," and that he is bound by the answers he provided under oath at the plea colloquy. Appellant's Brief at 10. Nevertheless, Appellant argues the trial court abused its discretion in denying his motion based upon his averment in the motion that he did not understand the colloquy and his counsel's statement during the colloquy that Appellant

"*seemed* to understand his rights."[3]  **Id.** at 11 (emphasis in original) (citing

N.T., 7/11/2017, at 16).

Our review of the transcript of the plea hearing reveals that following

Appellant's oral colloquy, a brief exchange took place between the trial court

and Appellant's counsel.

> THE COURT: Beginning with [Appellant's counsel] first. [Counsel], have you discussed with your client his right to plead not guilty in the homicide case and go to trial?
>
> [APPELLANT'S COUNSEL]: I have, your Honor.
>
> THE COURT: Did he **seem** to understand his rights?
>
> [APPELLANT'S COUNSEL]: Yes, your Honor.
>
> THE COURT: Are you satisfied that he's competent and qualified to enter into this negotiated plea of guilty?
>
> [APPELLANT'S COUNSEL]: I am.

N.T., 7/11/2017, at 16-17 (emphasis added).

Appellant's argument that his counsel's response somehow

demonstrated the unknowing nature of his plea is utterly unconvincing.

---

[3] To support his claim of manifest injustice, Appellant briefly mentions his alleged innocence in passing in the summary of his argument.  Appellant has waived this claim; a mere reference in a summary of the argument is not a substitute for a developed argument with citations to the record and authority.  **See** Pa.R.A.P. 2119(a).  Even if Appellant had preserved the issue in his brief, "this Court has held that post-sentence claims of innocence do not demonstrate manifest injustice."  **Commonwealth v. Kpou**, 153 A.3d 1020, 1024 (Pa. Super. 2016); **Commonwealth v. Myers**, 642 A.2d 1103, 1108 (Pa. Super. 1994) ("A defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty.").

Appellant's counsel could not read Appellant's mind to be certain whether Appellant truly understood his rights. Counsel has no choice but to communicate his assessment of whether Appellant seemed to understand his rights based upon Appellant's expressions, statements, questions, and other clues.

Moreover, Appellant fails to elaborate upon what specifically he did not understand about the colloquy. The Commonwealth provided a description of the elements of all three crimes to which Appellant was pleading guilty as well as a detailed recitation of the facts it believed it could establish at trial. N.T., 7/11/2017, at 23-25, 34-42. The record reveals that the trial court conducted an extensive colloquy in plain wording, which covered the following: the potential sentence; the sentence recommended by the Commonwealth; the terms of the plea agreement; the elements of the crimes to which Appellant was pleading guilty; Appellant's age of 34; Appellant's ability to read, write, and understand the English language based upon his completion of the eleventh grade; Appellant's state of mind free from the influence of drugs, alcohol, prescribed medications, or mental illness; the rights he was giving up by pleading guilty; and the effect upon any probation or deportation. *Id.* at 4-45.

Appellant affirmatively testified under oath that he was not threatened or forced to plead guilty, and there was no other understanding between him and the Commonwealth other than what was set forth in the plea

agreement. *Id.* Further, he discussed his decision to plead guilty with his attorneys; he was satisfied with the advice and representation of counsel; the facts set forth by the Commonwealth during the plea hearing were essentially true; he signed the written colloquy after he had read it and had it explained to him so that he understood it; and he understood the rights described by the trial court that he was giving up by pleading guilty. *Id.* Appellant's concession in his brief[4] is correct: his statements under oath foreclose him from asserting that he did not understand the colloquy. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

Furthermore, Appellant spoke up when he had a question relating to his sentence in his other case, and did not speak again when offered the opportunity. *Id.* at 4-5, 47. He also signed a detailed written colloquy, where he indicated in writing that he understood what he was signing. *See* Written Guilty Plea Colloquy, 7/11/2017, at 3.

Based on the foregoing, we agree with the trial court that Appellant has not demonstrated the manifest injustice necessary to permit him to

---

[4] *See* Appellant's Brief at 10.

withdraw the plea after sentence was imposed. The guilty plea colloquy in this case establishes that he willingly and voluntarily agreed to plead guilty, after negotiating a favorable plea bargain, with full understanding of the consequences of his decision and of the rights he would be giving up by pleading guilty.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/13/19