J-S28008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN DEPAOLI | : | |
| | : | |
| Appellant | : | No. 440 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 18, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001127-2019

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    Filed: October 13, 2021

Justin Depaoli appeals from his judgment of sentence imposed after he pled guilty to driving under the influence ("DUI")—highest rate (second offense) and accidents involving non-attended vehicle. Specifically, Appellant challenges the trial court's denial of his motion to withdraw his guilty plea. We vacate the order denying Appellant's post-sentence motion and remand for further proceedings consistent with this memorandum.

On the evening of September 11, 2018, Appellant hit another vehicle then fled the scene. The vehicle's owner called the police, who encountered Appellant *en route* to the scene of the collision. Appellant failed field sobriety tests, and subsequent breath testing revealed that his blood alcohol was

_____

[*] Retired Senior Judge assigned to the Superior Court.

nearly three times the legal limit at .225 percent. Appellant was charged with DUI and other crimes. After his pre-trial motion to suppress self-incriminating statements made to the police was denied, and following written and oral colloquies, Appellant opted to enter an open guilty plea to the above-referenced charges. The trial court accepted the plea and deferred sentencing to allow for a pre-sentence investigation ("PSI").

Four months later, shortly before the scheduled sentencing hearing, Appellant filed a motion to withdraw his plea, making a bald assertion of innocence and claiming that "he was not in the right state of mind following the denial of his suppression [motion] and that is the only reason he pleaded guilty." Motion to Withdraw Guilty Plea, 2/11/20, at ¶ 4. The trial court held a hearing on the motion, at which Appellant testified that he became "confused" and "intimidated" when the officer testified at the suppression hearing, and that he "just did the plea because [he] didn't know what to do." N.T. Hearing on Motion to Withdraw Guilty Plea, 2/26/20, at 8, 10. The trial court denied Appellant's motion, concluding that he had failed to establish "any basis to find that any manifest injustice had been done." *Id*. at 21.

Appellant appeared for sentencing on September 18, 2020. The Commonwealth sought a sentence of ninety days to five years of imprisonment, plus, *inter alia*, a fine and treatment assessments and requirements. N.T. Sentencing, 9/18/20, at 2. Appellant, through counsel, suggested an aggregate term of time served to two years. *Id*. at 6. Counsel

noted that the pre-sentence psychological evaluation recommended that Appellant required inpatient psychological treatment, and repeatedly requested that the report be made part of the record. *Id*. at 6-8.

After entertaining counsels' arguments, Appellant's allocution, the PSI, and the psychological assessment, the trial court imposed a sentence of, *inter alia*, time served to four years of imprisonment on the DUI conviction, with parole to inpatient treatment as soon as a bed was available, and a concurrent one-year term of probation on the conviction for accidents involving non-attended vehicle.

Appellant filed a timely post-sentence motion. Although the title of the motion suggested that he sought to challenge the denial of his pre-sentence motion to withdraw his plea, the body of the motion indicated that he was making a new post-sentence request to withdraw it on the basis that Appellant's state of mind at the time of the plea was such that he did not enter a knowing and intelligent plea. *See* Post-Sentence Motion, 9/23/20, at 1.

The post-sentence motion was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). The trial court subsequently explained that due to an administrative breakdown caused by the COVID-19 pandemic, it did not receive a copy of the motion when it was filed, and it did not become aware of the motion until after it was divested of jurisdiction to review and rule upon Appellant's requests. *See* Trial Court Opinion, 5/12/21, at 7 n.23.

J-S28008-21

Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] Appellant presents the following question for our review: "Did the lower court err in denying [Appellant]'s motion to withdraw his guilty plea where [the] plea was rendered unknowing and involuntary since he was not in the right state of mind at the time he entered the plea?" Appellant's brief at 3.

We begin with a review of the pertinent legal principles. We assess a trial court's denial of a motion to withdraw a plea for an abuse of discretion. **Commonwealth v. Elia**, 83 A.3d 254, 261 (Pa.Super. 2013). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." **Commonwealth v. Norton**, 201 A.3d 112, 120 (Pa. 2019) (cleaned up). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." **Id**. (cleaned up). Indeed, "it is important that appellate courts honor trial courts'

_____

[1] Appellant filed his notice of appeal before the clerk of courts noted the denial of the motion on the docket pursuant to Pa.R.Crim.P. 720(B)(3)(c). However, because the appropriate order was subsequently properly entered on April 12, 2021, we deem Appellant's premature notice of appeal to have been filed on that date. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

- 4 -

discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." *Id*. at 121.

Our rules of criminal procedure provide that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of plea of not guilty." Pa.R.Crim.P. 591(A). The court's discretion should be exercised liberally in a defendant's favor, so long as a "fair-and-just reason" is offered, and withdrawal would not substantially prejudice the Commonwealth. *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). A plausible assertion of innocence, for example, may provide a colorable demonstration that allowing the withdrawal of the plea would serve fairness and justice. *See Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015).

On the other hand, "a request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices." *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa.Super. 2019) (cleaned up). To prevail on a post-sentence request to withdraw a plea,

> [a] defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and

- 5 -

voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.

*Commonwealth v. Kehr*, 180 A.3d 754, 756–57 (Pa.Super. 2018) (internal quotation marks omitted).

Here, Appellant made both pre- and post-sentence requests to withdraw his plea. However, he does not in this appeal challenge the denial of the former. Rather, he contends that the certified record "establishes that [Appellant] suffered from profound and extensive schizophrenia" such that his plea was invalid. Appellant's brief at 9. Specifically, Appellant points to the mental health evaluation conducted between the plea and sentencing, Appellant asserts that "it was clear that [Appellant] had been suffering from paranoid schizophrenia at the time he entered his plea." *Id*. Appellant therefore contends that, "under such circumstances, the trial court clearly erred in denying defendant's post-sentence motion seeking to invalidate the plea. *Commonwealth v. Myers*, 642 A.2d 1103, 1107 (Pa.Super. 1994) (proof of incompetence at time of plea will invalidate plea); *Commonwealth v. Egan*, 469 A.2d 186, 189 (Pa.Super. 1983) (same)." Appellant's brief at 9.

In its Pa.R.A.P. 1925(a) opinion, the trial court addressed only the denial of Appellant's pre-sentence motion.[2] *See* Trial Court Opinion, 5/12/21, at 8

---

[2] Therein, it acknowledged the applicability of the more lenient fair-and-just-reason standard to that motion, which is contrary to the standard it applied at

*(Footnote Continued Next Page)*

(citing the fair-and-just standard and a plausible assertion of innocence as the applicable withdrawal standards). Although the court further opined that Appellant's plea was knowing, intelligent, and voluntary, it did so in the context of the pre-sentence proceedings. ***See id***. at 10. The trial court did not indicate that it would have reached the same conclusion if the administrative breakdown had not deprived it of the ability to rule upon Appellant's post-sentence motion. Nor did it address what impact, if any, the evidence of Appellant's mental illnesses which came to light between the pre-sentence hearing and the post-sentence request to withdraw had on the assessment of the voluntariness and knowingness of Appellant's plea. Appellant argues that this evidence is part of "the totality of circumstances surrounding the plea" which a court must consider in making its finding. ***Kehr***, at 757 (internal quotation marks omitted).

In light of the unusual circumstances of this case, the importance of the rights at issue, and the fact that a pandemic-induced administrative breakdown deprived the trial court of giving full consideration to Appellant's motion, we deem the most prudent course to be as follows. We vacate the

---

the time. ***See*** N.T. Hearing on Motion to Withdraw Guilty Plea, 2/26/20, at 21 (concluding that Appellant failed to establish "any basis to find that any manifest injustice had been done"). We further note that even if the manifest injustice standard had applied, the question is not whether a manifest injustice had occurred, but whether a manifest injustice would occur if the court disallowed the withdrawal. ***See***, ***e.g.***, ***Commonwealth v. Kehr***, 180 A.3d 754, 756–57 (Pa.Super. 2018).

order denying Appellant's post-sentence motion and to remand for the trial court to take action on that motion in accordance with Pa.R.Crim.P. 720(B)(2) (providing that the trial court shall determine the necessity for briefs and a hearing and order them accordingly), with the date of this memorandum serving as the date of the filing of Appellant's motion for purposes of the time limits established by Pa.R.Crim.P. 720(B)(3).  To be clear, we are **not** granting Appellant leave to file a new post-sentence motion or raise new issues not contained in his prior filing.  Rather, we are directing the trial court to address, *nunc pro tunc*, the motion Appellant filed on September 23, 2020, applying the manifest-injustice standard pertinent to post-sentence requests to withdraw a plea.  Since a new appealable order shall be entered at the conclusion of the further proceedings, we relinquish jurisdiction upon remand.

Order of April 12, 2021, denying post-sentence motion vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/21

- 8 -