J-A14009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN J. SMITH | : | |
| | : | |
| Appellant | : | No. 2069 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 6, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005825-2021

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED SEPTEMBER 8, 2023**

John J. Smith appeals from the judgment of sentence imposed following his guilty plea to aggravated assault and robbery. Smith contends that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea. We affirm.

On January 17, 2021, Smith and another man entered a building undergoing renovations without permission. Smith took a power tool and left the building. Phi Chau, who lived in the residences on the upper floor of the building, chased after Smith. Chau confronted Smith, who then punched him in the head before fleeing the scene. Chau suffered a traumatic brain injury, which resulted in him being placed in a coma.

The police arrested Smith and the Commonwealth charged him with numerous crimes. On January 5, 2022, Smith entered an open guilty plea to

aggravated assault and robbery in exchange for the Commonwealth withdrawing the remaining charges. On April 6, 2022, prior to sentencing, Smith made an oral motion to withdraw his guilty plea. The trial court asked the basis for withdrawal, to which Smith's counsel baldly responded that Smith felt that he was pressured into the plea by prior plea counsel and did not want to enter the plea. The trial court denied the motion because Smith had offered no colorable claim of innocence. Thereafter, the trial court sentenced Smith to an aggregate sentence of 3½ to 8 years in prison.

Smith filed a post-sentence motion to reconsider the denial of his motion to withdraw his guilty plea. The trial court denied the motion. This timely appeal followed.

On appeal, Smith raises the following question for our review: "Did not the lower court abuse its discretion in denying [Smith's pre-sentence] request to withdraw his guilty plea, where the court applied an incorrect standard, [Smith] had a fair and just reason, and the Commonwealth would not have been substantially prejudiced?" Appellant's Brief at 3.

Smith contends that the trial court utilized an improper standard in denying his pre-sentence motion to withdraw his plea, arguing that the trial court required him to make a colorable claim of innocence, rather than just providing a fair and just reason for the withdraw of the plea. *See id.* at 9, 10-11, 12; *see also id.* at 11 (noting that although a claim of innocence is a fair and just reason to withdraw a plea, this is only one fair and just reason that

may support withdrawal). Smith maintains that counsel had pressured him into pleading guilty, and, therefore, he should have been permitted to withdraw the plea. ***See id.*** at 14-16. Smith further argues that the trial court did not inquire into his reasons for withdrawing the plea. ***See id.*** at 9. Smith claims that his request should be liberally allowed, and that at a minimum, he should have a hearing on his claim to determine whether it was a fair and just reason to withdraw the plea. ***See id.*** at 9, 10, 12, 13, 14, 16. Smith further asserts that the trial court failed to determine whether the Commonwealth would be prejudiced by the withdrawal. ***See id.*** at 9, 18-20.

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." ***See Commonwealth v. Islas***, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted); ***see also Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019). The standards for withdrawing a guilty plea differ "depending on whether the defendant seeks to withdraw the plea before or after sentencing." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017). In the context of a pre-sentence motion to withdraw a plea, our Supreme Court has stated:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation and footnote omitted); ***see also*** Pa.R.Crim.P. 591, cmt. (noting that

"a request to withdraw a plea made before sentencing should be liberally allowed."). "Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Commonwealth v. Garcia*, 280 A.3d 1019, 1023 (Pa. Super. 2022) (citation and quotation marks omitted). An example of a fair and just reason is when the defendant makes a plausible claim of innocence. *See Carrasquillo*, 115 A.3d at 1292.

> Prior to sentencing, Smith sought to withdraw his guilty plea:
>
> [Smith's Attorney]:  At this time Your Honor, [] Smith would like to withdraw his guilty plea that he made back in January of this year.
>
> The Court:  Go ahead. Let me hear why. Why should I allow it?
>
> [Smith's Attorney]:  So I wasn't the original attorney that he entered the guilty plea with. In speaking with him, I was recently assigned the case and he felt as though he was being pressured to enter into it, and he doesn't want to enter into the guilty plea now.
>
> The Court:  Okay. Anything else to add?
>
> [Smith's Attorney]:  No.
>
> The Court:  All right. … Given that defense counsel has put no [colorable] claim of innocence, and that we already went through the guilty plea colloquy, the request to withdraw the guilty plea is denied.

N.T., 4/6/22, at 4 (some capitalization omitted).

Here, although the trial court merely focused upon the lack of an assertion of innocence, Smith has not established that the trial court abused

its discretion, since he failed to present a fair and just reason to withdraw his guilty plea. Smith baldly cited to "pressure" he was feeling from counsel in entering the plea, but failed to clarify or provide any other reason for seeking withdrawal. **See Commonwealth v. Myers**, 642 A.2d 1103, 1107 (Pa. Super. 1994) ("The mere fact that a defendant was 'under pressure' at the time he entered a guilty plea will not invalidate the plea, absent proof that he was incompetent at the time the plea was entered." (citation omitted)).[1] Based on this record, Smith failed to make any colorable demonstration that permitting him to withdraw his guilty plea would promote either fairness or justice.

Moreover, Smith ignores that during his colloquies, he admitted that no one threatened or forced him to enter the plea. **See** Written Plea Colloquy, 1/5/22, at 2; N.T., 1/5/22, at 5; **see also Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea). In fact, Smith acknowledged that he was "satisfied with the advice and services [he] received from [his] lawyer. … [His] lawyer left the final decision to [him], and

---

[1] To the extent Smith claims his plea was not made knowingly, intelligently, and voluntarily based upon counsel's ineffectiveness, we note that such questions must be raised in a timely Post Conviction Relief Act petition. **See Commonwealth v. Kehr**, 180 A.3d 754, 760 (Pa. Super. 2018) (concluding that defendant's argument that his guilty plea was unknowing and involuntary due to counsel's advice must be raised as an ineffective assistance of counsel claim).

[he was] the one who made the decision to plead guilty." Written Plea Colloquy, 1/5/22, at 6; ***see also*** N.T., 1/5/22, at 8 (wherein Smith stated that he was pleading guilty of his own free will). Additionally, Smith understood the nature and elements of the charges, and admitted to committing the crimes; acknowledged that he was pleading guilty to the above crimes in exchange for the Commonwealth dismissing the remaining the charges; confirmed that he understood the plea deal and the rights he was foregoing by pleading guilty, including the presumption of innocence and the right to a jury trial; and understood the permissible range of sentences and that the judge did not have to accept the terms of the plea. ***See*** Written Plea Colloquy, 1/5/22, at 1-6; N.T., 1/5/22, at 4-10; ***see also*** Pa.R.Crim.P. 590, cmt. (setting forth information that is required to establish a knowing and voluntary guilty plea).

As Smith has not set forth a fair and just reason to support a pre-sentence withdrawal of his plea, we need not consider whether the withdrawal of the guilty plea would have substantially prejudiced the Commonwealth. ***See Carrasquillo***, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth, because defendant failed to assert a fair and just reason to withdraw the plea). Accordingly, the trial court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2023