J-S77018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :

             v.                             :
                                            :
                                            :

RICHARD PHILIP CURRIE           :
                                            :

         Appellant             :       No. 2226 EDA 2018

Appeal from the PCRA Order Entered June 7, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000794-2016

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:          **FILED FEBRUARY 25, 2019**

Appellant, Richard Philip Currie, appeals *pro se* from the June 7, 2018 Order entered in the Monroe Count Court of Common Pleas granting in part and denying in part his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On November 2, 2016, Appellant entered into a negotiated guilty plea to two counts of Aggravated Assault, and one count each of Unlawful Restraint/Serious Bodily Injury, Terroristic Threats with Intent to Terrorize Another, and Indecent Assault without Consent of Other, arising from a January 28, 2016 domestic violence incident.[1, 2]

---

[1] 18 Pa.C.S. §§ 2702(a)(1); 2702(a)(3); 2902(a)(1); 2706(a)(1); and 3126 (a)(2), respectively.

[2] As part of the negotiated plea, the parties agreed that Appellant's registration period under the Sexual Offender Registration and Notification Act ("SORNA") would be 15 years.  **See**, **e.g.**, N.T Guilty Plea, 11/1/16, at 14.

---

\*   Retired Senior Judge assigned to the Superior Court.

On January 17, 2017, the court sentenced Appellant to an aggregate sentence of 36 to 84 months' incarceration. Appellant's Indecent Assault conviction classified him as a Tier II sexual offender, which carries a 25-year registration and reporting requirements under the Sexual Offender Registration and Notification Act ("SORNA").[3]

On January 27, 2017, Appellant filed a Post-Sentence Motion challenging the discretionary aspects of his sentence. The trial court denied Appellant's Motion on March 1, 2017. Appellant did not file a motion to withdraw his guilty plea or a direct appeal from his Judgment of Sentence.[4]

On August 3, 2017, Appellant filed the instant, counselled PCRA Petition.[5] In his Petition, Appellant claimed that his plea counsel had been ineffective for failing to (1) communicate with him, (2) investigate Appellant's case diligently, (3) investigate Appellant's mental health, and (4) advise Appellant that he would be sentenced to state prison. He also alleged that counsel inaccurately advised him that he would have only a 15-year registration requirement under SORNA. Appellant concluded that, as a result of counsel's failures, Appellant entered into an unknowing guilty plea. **See** Petition, 8/3/17, at ¶¶ 9-18.

_____

[3] **See** 42 Pa.C.S. §§ 9799.14(c)(1.3); 9799.15(a)(2).

[4] Brett J. Riegel, Esquire, represented Appellant through the denial of his Post-Sentence Motion.

[5] Ashley G. Zimmerman, Esquire, filed Appellant's PCRA Petition and entered her appearance on August 28, 2017.

On October 16, 2017, retained counsel filed a Motion to Withdraw Appearance, which she then withdrew on November 7, 2017. On January 17, 2018, the PCRA court held a hearing on Appellant's Petition at which Appellant and his plea counsel testified.

At the conclusion of the hearing, the court directed the parties' to brief the issues. In his Brief, Appellant addressed one issue—whether his counsel and the Commonwealth had induced him into pleading guilty on the false representation that he would be subject only to a 15-year SORNA registration period. He emphasized that, at the time he entered his guilty plea, his counsel had advised him, and both the Commonwealth and the court stated on the record, that he would be subject to a 15-year SORNA registration period. *See* N.T. Guilty Plea Hearing, 11/1/16, at 14.

On June 6, 2018, the court entered an Order granting in part and denying in part Appellant's PCRA Petition. In particular, the court denied Appellant's claim that his plea counsel had been generally ineffective. However, the court found that Appellant had entered into his guilty plea with the understanding that he would be subject to a 15-year reporting requirement under SORNA as negotiated between plea counsel and the Commonwealth. Opinion, 6/6/18, at 15-16. The court concluded that to subject Appellant to the statutory 25-year registration period "would be denying [Appellant] the 'benefit of his bargain' and may be construed as unknowing or involuntarily plea." *Id.* at 16. Thus, the court ordered that Appellant register as a Tier I sexual offender subject to a 15-year reporting

requirement. In so doing, the court "fashion[ed] a remedy which [allowed Appellant] to keep the benefit of his bargain." *Id.*

On June 29, 2018, PCRA counsel re-filed her Motion to Withdraw as Counsel.

On July 5, 2018, Appellant filed a *pro se* Notice of Appeal and Motion to Proceed *Pro Se.*[6] On July 27, 2018, the PCRA court held a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Following the **Grazier** hearing, the court permitted counsel to withdraw and Appellant to proceed *pro se*.

Appellant raises the following three issues on appeal:

1. Plea counsel was constitutionally ineffective when he misrepresented the consequences attached to [] Appellant's guilty plea facilitating entry of an unknowing, involuntary, or intelligent plea.

2. Counsel abandoned his trial strategy by concentrating an effort to coerce [] Appellant to enter into a guilty plea.

3. Prejudice should be cumulated due to counsel's multiple instances of argumental negligence.

Appellant's Brief at 4.

## Standard/Scope of Review

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record

---

[6] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Ineffective Assistance of Counsel**

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

In his first issue, Appellant claims that his plea counsel was ineffective because he failed to advise Appellant that the Indecent Assault charge to which Appellant pleaded guilty carried with it a 25-year SORNA registration period. Appellant's Brief at 14. He avers that, consequently, he entered his plea unintelligently and he should be permitted to withdraw it. *Id.* at 20.

"[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full

understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted). The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Myers*, 642 A.2d 1103, 1106 (Pa. Super. 1994).

The PCRA court considered this claim and concluded that Appellant knowingly and voluntarily entered his guilty plea. PCRA Ct. Op., 6/7/17, at 12. The court found that the record demonstrated that Appellant "knew and understood the nature of the charges and he represented to the [c]ourt that it was his decision to enter into the guilty plea." *Id.*

Our review of the record indicates that, at the time Appellant entered his guilty plea, the court conducted a lengthy and thorough colloquy, which evidenced, *inter alia*, Appellant's understanding of the charges to which he was entering guilty pleas, the sentences he faced, and, significantly, that he would be subject to a registration period as a sexual offender pursuant to SORNA. N.T. Guilty Plea, 11/1/16, at 4-10, 11-14.

To the extent that Appellant's challenge is based specifically on the 25-year reporting requirement, it is moot. In partially granting PCRA relief, the PCRA court concluded that Appellant had reasonably relied on the representations of his counsel and the Commonwealth regarding a 15-year

SORNA registration period when he entered his guilty plea. The court, thus, ordered that Appellant register as a Tier I sexual offender subject to a 15-year SORNA registration period in order for Appellant to obtain the benefit of his bargain.

In his second issue, Appellant claims that his plea counsel was ineffective because "counsel abandoned his trial strategy long before [] Appellant made the decision to plead guilty." Appellant's Brief at 23. Appellant asserts that his counsel's (1) admission that he "finely tuned" Appellant's plea; (2) representation at Appellant's PCRA hearing that he served witness subpoenas, which Appellant alleges his case file contradicts; and (3) failure to interview and prepare witnesses, indicate counsel's intent to induce Appellant into waiving his constitutional rights for counsel's benefit. *Id.* at 24-25.

In determining that Appellant's plea counsel had rendered effective assistance, the PCRA court noted that counsel testified credibly that he had communicated with Appellant throughout the pre-trial process, met with Appellant prior to the preliminary hearing, and filed an omnibus pretrial motion. PCRA Ct. Op. at 6. The court also found credible counsel's testimony that he had reviewed potential mitigating factors with Appellant, including his mental health issues, his veteran status, and his alcoholism; conducted discovery; discussed with Appellant the applicable guidelines sentence ranges; and reviewed many plea offers that the Commonwealth presented with Appellant. *Id.* at 6-7.

There is nothing in the record to substantiate Appellant's bald accusation that counsel had an alleged self-serving motivation for presenting the Commonwealth's plea offers to him. Likewise, nothing in the record undermines the court's conclusion that counsel credibly testified that he diligently represented Appellant. Our review of the record, in fact, confirms the PCRA court's conclusion that counsel rendered effective assistance in representing Appellant. This second ineffectiveness claim, thus, fails to garner relief.

In his final issue, Appellant claims that, even if this Court concludes that his first two issues lack merit, when the two issues are considered together they rise to a level of prejudice that warrants relief. Appellant's Brief at 36 *citing* **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009) (explaining that "if multiple instances of deficient performance are found, the assessment of prejudice properly may be premised upon cumulation."). We disagree.

As noted above, Appellant failed to identify "multiple instances" of deficient performance on the part of his counsel. He likewise failed to demonstrate that his counsel's performance resulted in any prejudice to him. Rather, the record established that Appellant entered into his plea knowingly and intelligently. Moreover, following consideration by the PCRA court, the court reduced the length of his SORNA registration period in accordance with the bargain he struck with the Commonwealth. Thus, this claim warrants no relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/19